No. 25-3607

# In the United States Court of Appeals for the Ninth Circuit

Trevor Kirk,
    Appellant

v.

United States,
    Appellee.

J.H.,
    Crime Victim and Proposed Court-Appointed Amicus Curiae.

## MOTION TO BE APPOINTED AMICUS CURIAE IN DEFENSE OF THE JUDGMENT BELOW AND FOR MODIFICATION OF THE BRIEFING SCHEDULE

Appeal from the United States District Court for the
Central District of California
No. 2:24-cr-00527-SVW-1

Caree Harper
LAW OFFICES OF CAREE HARPER

Paul G. Cassell
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
AT THE UNIVERSITY OF UTAH
(no institutional endorsement implied )

*Attorneys for Crime Victim-Amicus Curiae J.H.*

# MOTION TO BE APPOINTED AMICUS CURIAE IN DEFENSE OF THE JUDGMENT BELOW AND FOR MODIFICATION OF THE BRIEFING SCHEDULE

Appellant/defendant Trevor Kirk has appealed his conviction for violating the civil rights of crime victim, J.H. In the district court, a jury found Kirk (a police officer) guilty of using excessive force, in violation of 18 U.S.C. § 242. The district court (Wilson, J.) rejected Kirk's effort to overturn the jury's verdict and sentenced him to four months in prison. Now, however, the Government has announced its intention not to defend the judgment below. In these unusual circumstances, undersigned counsel for J.H. file this motion to be appointed amicus curiae in defense of the judgment below. Indeed, in light of the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771(a)(8), which extends to J.H. the right to be "treated with fairness," counsel for J.H. are the logical choices for that appointment. J.H.'s counsel have diverse backgrounds and considerable experience in this legal area, so the Court would be assured of a vigorous defense of the judgment below if the Court were to appoint them. J.H. also requests modification of the existing briefing schedule to reflect the non-adversarial posture of the appeal.

## Relevant Procedural Background

This case began in the district court on September 4, 2024, when the Government filed a one-count indictment against the Defendant, Trevor James Kirk.

ECF No. 1.[1] The indictment alleged that Kirk, a sworn law enforcement officer in the Los Angeles County Sheriff's Department ("LASD"), used excessive force against J.H. more than a year earlier, in violation of 18 U.S.C. § 242. Specifically, the indictment alleged that, on June 24, 2023, while responding to a call for service at a grocery store in Lancaster and handcuffing another individual, Kirk encountered J.H. She was seated in her car, and then left her car to film the Kirk with her phone.

Then, Kirk approached Victim J.H. Without giving her any commands, Kirk attempted to grab her phone. J.H. turned away from Kirk, meaning Kirk was unable to seize the phone. So Kirk grabbed J.H. by her arm, hooked his left hand behind her neck, and violently threw her to the ground. Thereafter, Kirk then stuck his knee on J.H.'s shoulder. When J.H. yelled at Kirk to "stop," Kirk cocked his right arm back with a clenched fist and said, "Stop or you're gonna get punched in the face."

J.H. told Kirk that she would sue him if he punched her. J.H. also said, "I got it on camera," again referencing that she had recorded the events. Kirk then pressed his knee into J.H.'s neck. J.H. said, "Get your neck off my . . . off my . . . I can't breathe."

While on top of Victim J.H., Kirk used his LASD radio to misleadingly report that he was "in a fight." Shortly thereafter, without giving any additional commands to J.H., Kirk sprayed J.H. twice in the face with "pepper spray." As a result, J.H.

---

[1] All citations are to the district court's docket below.

received medical treatment at a hospital approximately 40 minutes after the assault. In addition to physical pain, J.H. suffered various physical injuries.

The indictment recounted the foregoing facts and charged Kirk with the felony of depriving J.H. of her rights under color of law, in violation of 18 U.S.C. § 242. After further proceedings, on February 4, 5, and 6, 2025, the district court held a jury trial on the charge. Both the Government and Kirk presented their evidence and made their arguments. The jury found Kirk guilty as charged of a felony civil rights violation. ECF No. 51.

Thereafter, on February 20, 2025, Kirk filed a motion to set aside the verdict. ECF No. 63. Kirk argued that the Government had failed to introduce sufficient evidence to demonstrate that he had used excessive force and had acted willfully. *Id.* at 3-9.

On March 17, 2025, the Government responded in detail to Kirk's motion:

> The government's evidence was direct and comprehensive, providing jurors with video evidence of defendant's use of excessive force against victim J.H. from multiple views and perspectives. The jury had a uniquely inside and unvarnished look at the central events at issue, including defendant's words and actions before, during, and after the incident, as well as his partner's contrasting words and actions. Los Angeles County Sheriff's Department ("LASD") policies and training further established that force was supposed to be used as a "last resort," contrary to defendant's immediate resort to force after seeing J.H. filming him on her cellphone. And an expert with nearly three decades of experience at LASD explained how defendant's conduct was contrary to LASD's force policies and training.

ECF No. 68 at 1.

Ultimately, the district court denied Kirk's motion for judgment of acquittal. ECF No. 75. With respect to the excessive force issue, the district court explained that, at trial, the "Government presented extensive body cam footage of the incident between defendant and J.H.... From [J.H.'s] appearance and demeanor, a jury could rationally find that she was not actively committing a crime or holding a weapon. When defendant first approached J.H., he did not provide any commands or try to de-escalate the situation. Rather, he threw her to the ground, pinned her there, and pepper sprayed her face two times." *Id.* at 3.

With respect to the willfulness issue, the district court explained that "the jury heard evidence that Defendant received hundreds of hours of training on the use-of-force, force prevention, and de-escalation [citing evidence] …. Not only did Defendant receive this training, but it was fresh of mind.… The Defendant nonetheless used force on J.H. without attempting to de-escalate is evidence that he intended to use unreasonable force." *Id.* at 4.

In light of the Government's overwhelming evidence, the district court denied the motion to set aside the jury's verdict. *Id*.

As sentencing was approaching, the Government became represented by new counsel. ECF No. 81. And on May 1, 2025, the Government and Kirk filed a proposed plea agreement, with a stipulated sentence under Fed. R. Crim. P. 11(c)(1)(C). ECF No. 82. Under the proposed "binding" plea agreement, Kirk

planned to withdraw his plea of not guilty and "admit that, as the [Government] proved at trial and the jury found, he is in fact guilty of the lesser-included misdemeanor violation of Deprivation of Rights Under Color of Law," in violation of 18 U.S.C. § 242. *Id.* at 2-3. In exchange, the Government proposed to strike the jury's finding about substantial injury to J.H., reducing the conviction from a felony to a misdemeanor. *Id.* at 4. The Government, joined by Kirk, agreed to a proposed sentence of a one-year term of probation, a fine of not greater than $5,500. J.H. also submitted a statement regarding sentencing, explaining why there was no good cause for overturning the jury's felony guilty verdict. ECF No. 99 at 5.

On May 19, 2025, district court held a sentencing hearing. The district court allowed J.H. to speak. The district court also heard the Government's and Kirk's positions supporting dismissal of the felony charge.

On May 27, 2025, the district court granted, in part, the Government's motion to dismiss portions of the indictment raising the crime to the felony level. ECF No. 103. But the court rejected the parties' proposed binding plea agreement, concluding that a sentence of probation would not reflect the seriousness of Kirk's crime:

> Straight probation does not match the facts of this case. Defendant committed the offense—the willful use of unreasonable force—while acting under color of law as a police officer. Police officers are entrusted with protecting the public, not harming them. By willfully using unreasonable force against J.H., Defendant broke that trust. A sentence of straight probation does not sufficiently reflect Defendant's breach of duty and the manner in which he breached that duty.

ECF No. 103 at 6-7.

On June 2, 2025, the district court sentenced Kirk to four months imprisonment. ECF No. 109.

In light of this lenient sentence, J.H. immediately sought further review in this Court of the issue of reducing the charge from a felony to a misdemeanor. This Court denied the petition, concluding that the district court had properly afforded J.H. her right to be heard on sentencing issues when the district court allowed her to speak at the sentencing hearing. *In re J.H.*, No. 24-3472, 138 F.4th 1347 (9th Cir. June 5, 2025).

The next day, June 6, 2025, the Kirk filed his notice of appeal in this Court. While his appeal moved forward in this Court, on July 7, 2025, in the district court, Kirk made a motion for bond pending appeal. ECF No.117.  The district court denied that motion and set a self-surrender date at the end of August. ECF No. 119.

On July 29, 2025, more than seven weeks after the case had progressed to the Ninth Circuit, the Government filed a motion in the district court to dismiss the charge under Fed. R. Crim. P. 48(a). ECF No. 121. The motion was only five sentences long. The Government did not explain why it was moving to dismiss a case after it had obtained a guilty verdict to a felony civil rights violation.

The next day, J.H. objected. ECF No. 122.

And on August 1, 2025, the Government filed a "Supplement" to its motion to dismiss. The Government's supplement admitted a "question" about the district court's jurisdiction—but did provide any answer. *Id.* at 1. Perhaps recognizing that the district court lacked jurisdiction, the Government also asked, "in the alternative," for an "indicative ruling" under Fed. R. Crim. P. 37(a) about how, if the Ninth Circuit were to remand to the district court, the district court might thereafter rule on the motion to dismiss. *Id*. at 1-2. As for the basis for the dismissal, the Government stated tersely that it has "determined that the interests of justice warrant dismissal of the case and has elected to not defend the conviction on appeal. With that decision now having been made, an order dismissing the case and vacating the judgment is the proper course of action." *Id.* at 3.

On August 3, 2025, J.H. filed her own supplemental response on these issues. ECF No. 128. J.H. explained that the district court lacked jurisdiction to consider the motion in view of Kirk's earlier appeal to this Court of Appeals. J.H. also argued that the motion should be denied on the merits.

This afternoon, on August 4, the district court took the issues under advisement.

## **ARGUMENT**

To assure that the adversarial process works in this case, this Court should appoint J.H.'s counsel to defend the judgment below and modify the briefing

schedule to reflect the practical reality that the appellant and appellee are on the same side.

In a criminal case where the Government does not defend the judgement below, this Court's normal practice appears to be to rely on its "inherent authority to appoint a special counsel to represent a position abandoned by the United States on appeal." *See, e.g., United States v. Arpaio*, 887 F.3d 979, 982 (9th Cir. 2018). This Court should follow that normal practice here—and appoint undersigned counsel to defend the judgment below as court-appointed amici.

In *Arpaio*, the facts were similar to those here. In 2016, the Government prosecuted a former Maricopa County Sheriff, Joseph Arpaio, obtaining a conviction. Thereafter, President Trump was elected, and he pardoned Sheriff Arpaio. Arpaio then moved the district court, first, to dismiss the matter with prejudice, and, second, to vacate the guilty verdict. *Id.* at 980. The district court granted the first request for dismissal but denied the vacatur. *Id.* at 981. The district court explained that the pardon power "is an executive prerogative of mercy, not of judicial record-keeping." United States v. Arpaio, No. CR16-01012-001-PHX-SRB, 2017 WL 4839072, at *2 (D. Ariz. Oct. 19, 2017).

Arpaio appealed, and the Government indicated it would not defend the district court's order denying vacatur. *Id.*

In light of this development, this Court observed that it would be forced to

decide the appeal without "the benefit of full briefing and argument unless we appoint a special prosecutor to defend the decision of the district court." *Id.* To receive the benefit of full briefing, the Circuit appointed experienced counsel to defend the district court's order, noting that when "the government confesses error in the Supreme Court, and thus abandons a position taken in a lower court, the Court commonly appoints an amicus to assert the abandoned cause." *Id.* at 982 (internal citation omitted). *See, e.g., Glossip v. Oklahoma*, 145 S. Ct. 612, 624 (2025). Indeed, in a criminal case that reached the Supreme Court with the Government refusing to defend the decision below, the Supreme Court appointed undersigned counsel (Cassell) to defend the judgment as Supreme Court-appointed amicus. *Dickerson v. United States*, 530 U.S. 428, 442 (2000) ("Because no party to the underlying litigation argued in favor of § 3501's constitutionality in this Court, we invited Professor Paul Cassell to assist our deliberations [on the criminal case] by arguing in support of the judgment below.").

Under the approach of *Arpaio*, this Court should appoint undersigned counsel to defend the judgment below. Given the criminal conviction below, J.H. currently is a recognized "crime victim" in this case. Under the Crime Victims' Rights Act (CVRA), she is entitled to be "treated with fairness" throughout the proceedings. 18 U.S.C. § 3771(a)(8). It can be argued that, were the Court to simply grant Kirk's appeal without the benefit of full briefing and argument, that would violate J.H.'s

rights under the CVRA. But this Court need not go that far to recognize that J.H.'s legal counsel are best-positioned to present a vigorous defense of the judgment below.

Counsel have filed briefs in the proceedings below. Moreover, one of J.H.'s counsel (Cassell) has considerable past experience in handling federal criminal matters and currently teaches criminal law at the S.J. Quinney College of Law at the University of Utah. J.H.'s other counsel (Harper) is an experienced civil rights attorney, who has been working on legal issues related to protecting J.H.'s rights throughout the criminal prosecution. Indeed, this Court will recall that counsel diligently pursued a CVRA petition in this very case in June.

The Government is not defending the criminal conviction below for reasons that have yet to be clearly explained. Moreover, this case arises against the backdrop of intense national controversy about police use of force, particularly in racially charged situations. In light of these facts, the appearance of justice will best be served if the judgment below is vigorously defended. Even if the Court were to ultimately conclude that the conviction must be overturned, the public would be assured that the Court reached its conclusion only after hearing the best possible defense.

To be clear, counsel for J.H. are not asking to be appointed as prosecutors in this matter. They are only asking that they be appointed to serve as court-appointed amicus curiae in defense of judgment below. The Court clearly has authority to take

that modest step to ensure that the adversarial process works.

In addition, the Court should modify the briefing schedule to reflect the reality that the appellant and appellee are on the same side of the case. Currently, the appellant (Kirk) must file his brief by August 29 and the appellee (the Government) responds by September 29. It is not immediately clear when J.H.'s brief supporting the judgment below would be filed, as it might be viewed as a brief in support of neither party under Fed. R. App. P. 29(a)(6) (amicus briefs in support of neither party are due seven days after the appellant's brief). But that filing schedule would permit the Government to then make arguments supporting vacating the judgment below that would never be responded to.

Accordingly, J.H. proposes the following briefing schedule, which gives appellant (convicted of a crime) both the first and last word, but also ensures that the Government's arguments for vacating the judgment below will receive a response. This schedule also provides for the possibility of possible amicus briefs on both sides of this controversial case:

    Appellant's Brief against the judgment below: 8/29/25
    Government Brief against the judgment below: 9/12/25
    Any amicus briefs against the judgment below: 9/19/25
    Any amicus briefs (including Court-appointed amicus) defending the judgment below: 10/10/25
    Any Government reply: 10/24/25
    Any Appellant reply: 10/31/25

**POSITION OF THE PARTIES**

Earlier today, J.H. sought the position of the parties on her motion to be appointed amicus in defense of the judgment below and for modification of the briefing schedule. Appellant Kirk does not oppose the motions. As of the time of this filing, J.H. has not received a response from the Government.

## **CONCLUSION**

For all these reasons, this Court should appoint undersigned counsel as amicus curiae to defend the judgment below. The Court should also modify the briefing schedule, to reflect the fact that the appellant and appellee are non-adversarial.

Respectfully submitted,

               /s/ Paul G. Cassell
               Paul G. Cassell

| | |
|---|---|
| Caree Harper | Paul G. Cassell |
| LAW OFFICES OF CAREE HARPER | Utah Appellate Project |
| 401 Wilshire Blvd. Suite 1200 | S.J. QUINNEY COLLEGE OF LAW AT |
| Santa Monica, CA 90401 | THE UNIVERSITY OF UTAH |
| Tel: (213) 386-5078 | 383 S. University St. |
| | Salt Lake City, UT 84112-0300 |
| | Tel: 801-580-6462 |
| | Email: pgcassell.law@gmail.com |
| | (institutional address for identification purpose only, not to imply institutional endorsement) |

*Attorneys for Crime Victim-Amicus Curiae J.H.*

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

This petition complies with the typeface requirements of Fed R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced Time New Roman typeface using 14-point Times New Roman type.

Respectfully submitted,

 /s/ Paul G. Cassell
Paul G. Cassell

## CERTIFICATE OF SERVICE AND PRIOR CONTACT

I certify that on August 4, 2025, the foregoing motion was served on the parties to the proceedings below via the Court's electronic filing system. I also certify that, via email, on August 4, 2025, I contacted the parties (appellee and appellant) and requested their position on the motions.

    /s/ Paul G. Cassell
Paul G. Cassell