No. 25-3607, 25-5125, 25-5200

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| TREVOR JAMES KIRK, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

_____

**APPELLANT'S OPENING BRIEF**

_____

Appeal from the United States District Court
for the Central District of California

No. 24-CR-00527-SVW-1
Honorable Stephen V. Wilson, United States District Judge

EDWARD M. ROBINSON (CA Bar # 126244)
BRIAN A. ROBINSON (CA Bar # 333650)
21515 Hawthorne Boulevard, Suite 200
Torrance, CA 90503
Telephone: (310) 995-9332
Facsimile: (310) 316-6442

Attorney for Defendant-Appellant
**TREVOR JAMES KIRK**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS......................................................................... i

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ...............................................................................1

JURISDICTIONAL STATEMENT ......................................................1

BAIL/DETENTION STATUS .............................................................2

ISSUES PRESENTED.........................................................................2

STATEMENT OF THE CASE.............................................................2

      I.   Post-Trial Proceedings ............................................................2

STANDARD OF REVIEW ..................................................................4

ARGUMENT ......................................................................................4

CONCLUSION ...................................................................................5

i

## TABLE OF AUTHORITIES

### Cases

*United States v. Garcia-Valenzuela*, 232 F.3d 1003 (9th Cir. 2000) ........................4

*United States v. Mejia-Cendejas*, 29 F.3d 636 (9th Cir. 1994) ................................4

### Statutes

18 U.S.C. § 241 .......................................................................................................1

18 U.S.C. § 242 .......................................................................................................3

18 U.S.C. § 3231 .....................................................................................................1

28 U.S.C. § 1291 .....................................................................................................1

### Rules

Fed. R. App. P. 28(i) ...............................................................................................5

Fed. R. Crim. P. 11(c)(1)(C) ...................................................................................3

Fed. R. Crim. P. 29(c) .............................................................................................2

Fed. R. Crim. P. 37(a) .............................................................................................3

Fed. R. Crim. P. 48(a) ......................................................................................... 1-5

## INTRODUCTION

After a jury trial and conviction to a violation of 18 U.S.C. § 241, a felony, the district court granted the government's unopposed motion pursuant to Federal Rule of Criminal Procedure ("FRCP") 48(a) and reduced the conviction from a felony to a misdemeanor. Mr. Kirk was sentenced to a term of imprisonment of four months. A notice of appeal was filed seeking to appeal the conviction. The government filed a second unopposed motion under FRCP 48(a) to dismiss the Indictment in its entirety. The district court denied this motion. Both the government and Mr. Kirk filed notices of appeal seeking appellate review of the district court's denial.

Mr. Kirk is not appealing his conviction as noticed in his first notice of appeal. This appeal is limited to the district court's denial of the government's second unopposed Rule 48(a) motion to dismiss.

## JURISDICTIONAL STATEMENT

Pursuant to 18 U.S.C. § 3231, the district court had jurisdiction over this federal criminal proceeding. This Court has jurisdiction over this appeal under 28 U.S.C. § 1291. The district court entered its Judgment and Commitment Order on June 3, 2025. (JER-94.)[1] Mr. Kirk filed his first timely notice of appeal of his

---

[1] The government and Mr. Kirk have filed Joint Excerpts of Record consisting of three volumes, cited herein as "JER".

1

conviction on June 6, 2025. (JER-219.) Mr. Kirk filed his second timely notice of appeal of the district court's denial of the government's FRCP Rule 48(a) motion to dismiss on August 13, 2025. (JER-206.)

## BAIL/DETENTION STATUS

Mr. Kirk is currently out of custody on bond pending appeal. (Dkt. 140.)

## ISSUES PRESENTED

1) Whether the unopposed Rule 48(a) motion terminated the controversy requiring that this Court dismiss the appeal for lack of jurisdiction and remand for the district court to vacate Mr. Kirk's conviction.

2) Whether the district court had authority to deny the United States's unopposed Rule 48(a) motion as the separation of powers doctrine vests authority to dismiss solely within the Executive Branch.

3) Whether, even if the district court had the authority to deny an unopposed Rule 48(a) motion, it abused its discretion in doing so in this case.

## STATEMENT OF THE CASE

### I. Post-Trial Proceedings

After trial Mr. Kirk moved to set aside the verdict pursuant to FRCP Rule 29(c). (Dkt. 63.) The district court denied the motion. (Dkt. 75.)

On May 19, 2025, the government moved to dismiss the portions of the Indictment against Mr. Kirk that elevated his charge from a misdemeanor to a

felony, specifically, the allegations that Mr. Kirk used a dangerous weapon and that his use of force resulted in bodily injury. (Dkt. 101.) Concurrent with the motion to dismiss the felony allegations, the government also submitted a FRCP Rule 11(c)(1)(C) plea agreement in which Mr. Kirk would stipulate to pleading guilty to a misdemeanor violation of 18 U.S.C. § 242 and that the stipulated sentence would be one year probation. (Dkt. 82.)

The district court granted the government's FRCP Rule 48(a) motion to dismiss the felony allegations but refused to accept the Rule 11(c)(1)(C) plea agreement. (JER-124–30.)

On June 3, 2025, the district court sentenced Mr. Kirk to a term of four months imprisonment. (JER-94–97.)

Mr. Kirk timely filed his notice of appeal of the conviction (JER-219) and moved the district court for bond pending appeal. (Dkt. 117.) The district court denied Mr. Kirk's motion for bond pending appeal. (Dkt. 119.)

On July 29, 2025, the government moved to dismiss the Indictment. (Dkt. 121.) On August 1, 2025, the government supplemented its motion to dismiss the case by invoking FRCP Rule 37(a) as a vehicle to confer jurisdiction on the district court. (Dkt. 126.) On August 8, 2025, the district court denied the government's motion to dismiss the Indictment. (JER-83–93.) On August 13, 2025, Mr. Kirk filed his notice of appeal of the district court's denial of the government's motion

3

to dismiss. (JER-206.) On August 14, 2025, the government filed its notice of appeal of the district court's denial of its Rule 48(a) motion to dismiss. (JER-194–205.) That same day, Mr. Kirk filed his second motion for bail pending appeal. (Dkt. 136.) The district court granted Mr. Kirk bail on appeal on August 15, 2025. (Dkt. 140.)

## STANDARD OF REVIEW

"Whether Rule 48(a) gives the district court discretion to refuse to dismiss an indictment is a question of law" that is reviewed de novo. *United States v. Mejia-Cendejas*, 29 F.3d 636, 1994 WL 279381, at *1 (9th Cir. 1994).

This Court "review[s] a district court's decision whether to grant the motion to dismiss under an abuse of discretion standard." *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1007 (9th Cir. 2000).

## ARGUMENT

Mr. Kirk did not oppose the government's Rule 48(a) motion to dismiss the indictment. This unopposed motion to dismiss terminated any controversy on appeal and therefore this Court lacks jurisdiction. The remedy is therefore that this appeal in its entirety be dismissed and that the matter be remanded to the district court to vacate Mr. Kirk's conviction.

In the alternative, the district court lacked authority to deny the unopposed Rule 48(a) motion to dismiss as the doctrine of separation of powers vests the authority to dismiss an indictment solely within the Executive Branch.

Finally, should this Court determine that the district court had authority to deny an unopposed Rule 48(a) motion, the district court abused its discretion in doing so in this case.

Pursuant to FRAP 28(i), Mr. Kirk joins in the government's arguments set forth in their Opening Brief (DktEntry 32.1) and hereby adopts by reference their arguments.

## **CONCLUSION**

For the reasons set forth herein and in the government's opening brief, Mr. Kirk respectfully requests that this Court dismiss these appellate proceedings and remand to the district court with instructions to grant the government's unopposed motion under Rule 48(a) to dismiss the case.

Dated:   May 20, 2026

By:  /s/ Brian A. Robinson

Edward M. Robinson
Brian A. Robinson
Attorneys for Defendant-Appellant
TREVOR JAMES KIRK

## CERTIFICATE OF COMPLIANCE

I am the attorney. **This brief contains 971 words,** including 0 words manually counted in any visual images, and excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

    [ ] it is a joint brief submitted by separately represented parties;

    [ ] a party or parties are filing a single brief in response to multiple briefs; or

    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a)..

Dated: May 20, 2026

By: /s/ Brian A. Robinson

    Edward M. Robinson
    Brian A. Robinson
    Attorney for Defendant-Appellant
    TREVOR JAMES KIRK