**NOS. 25-3607, 25-5125, 25-5200**

# United States Court of Appeals for the Ninth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

– v. –

TREVOR JAMES KIRK,

*Defendant-Appellant.*

ERWIN CHEMERINSKY,

*Court-Appointed Amicus Curiae in Support of the Judgment,*

J.H.,

*Amicus Curiae in Support of the Judgment.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR LOS ANGELES, CENTRAL CALIFORNIA, CASE NO. 2:24-CR-00527-SVW-1, HONORABLE STEPHEN V. WILSON, DISTRICT COURT JUDGE

## BRIEF OF *AMICUS CURIAE* CRIME VICTIM J.H. IN DEFENSE OF THE JUDGMENT BELOW IN SUPPORT OF NEITHER PARTY

<table>
<tr>
<td>

CAREE HARPER
LAW OFFICES OF CAREE HARPER
401 Wilshire Boulevard, Suite 1200
Santa Monica, California 90401
(213) 386-5078

</td>
<td>

PAUL G. CASSELL
UTAH VICTIM PROJECT
S.J. QUINNEY COLLEGE OF LAW AT
   THE UNIVERSITY OF UTAH
383 South University Street
Salt Lake City, Utah 84112
(801) 585-5202
(No institutional endorsement implied)

</td>
</tr>
</table>

*Attorneys for Crime Victim-Amicus Curiae J.H.*

COUNSEL PRESS
A ▷ Proceed Service
The Appellate Experts®
(800) 4-APPEAL • (715842)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. ii

STATEMENT REGARGING ORAL ARGUMENT ................................................. v

AMICUS BRIEF OF VICTIM J.H. IN SUPPORT OF NEITHER PARTY ............1

RELEVANT PROCEDURAL BACKGROUND ......................................................2

ARGUMENT ..........................................................................12

    I.     This Court Lacks Jurisdiction to Consider a Government Appeal from a Ruling Denying a Post-Judgment Motion to Dismiss .................................................................13

    II.    This Court Must Also Reject the Government's Appeal Because the District Court Lacked Jurisdiction to Consider the Government's Motion Made After this Case Had Moved to this Appellate Court .........................................17

    III.   The Defendant's Appeals Provide No Basis for Review of the Denial of the Government's Motion to Dismiss ...............................24

CONCLUSION .......................................................................25

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Bender v. Williamsport Area Sch. Dist.*,
475 U.S. 534 (1986)..................................................................23

*Bryant v. Tech. Rsch. Co.*,
654 F.2d 1337 (9th Cir. 1981)....................................................25

*Bucklew v. Precythe*,
587 U.S. 119 (2019)..................................................................20

*Griggs v. Provident Consumer Disc. Co.,*
459 U.S. 56 (1982)....................................................................18

*In re J.H.*,
138 F.4th 1347 (9th Cir. 2025).....................................................6

*Matheson v. Progressive Specialty Ins. Co.*,
319 F.3d 1089 (9th Cir. 2003)....................................................15

*Orff v. United States*,
348 F.3d 1137 (9th Cir. 2004)....................................................23

*Pell v. Nuñez*,
99 F.4th 1128 (9th Cir. 2024)....................................................23

*Rinaldi v. United States*,
434 U.S. 22 (1977).............................................................. 21, 22

*United States v. B.G.G.*,
53 F.4th 1353 (11th Cir. 2022)...................................................25

*United States v. Bernard*,
42 F.4th 905 (8th Cir. 2022)............................................. 10-11, 15

*United States v. Burdeau*,
168 F.3d 352 (9th Cir. 1999)......................................................21

*United States v. Chaudhry*,
630 F.3d 875 (9th Cir. 2011)......................................................14

*United States v. Gonzalez*,
58 F.3d 459 (9th Cir. 1995)........................................................22

ii

*United States v. Hickey,*
    185 F.3d 1064 (9th Cir. 1999)................................................................16

*United States v. Montalvo*,
    581 F.3d 1147 (9th Cir. 2009).................................................................23

*United States v. Najjor*,
    255 F.3d 979 (9th Cir. 2001).................................................................19

*United States v. No Runner*,
    590 F.3d 962 (9th Cir. 2009)................................................................16

*United States v. Ortega-Lopez*,
    988 F.2d 70 (9th Cir. 1993)..................................................................19

*United States v. Phelps,*
    283 F.3d 1176 (9th Cir. 2002)......................................................... 18, 19, 22

*United States v. Russell,*
    804 F.2d 571 (9th Cir.1986)..................................................................14

*Will v. Hallock*,
    546 U.S. 346 (2006).............................................................................15

**Statutes & Other Authorities:**

U.S. Const., art. II, § 2, cl. 1 ...............................................................16

18 U.S.C. § 242 ...................................................................................3

18 U.S.C. § 3582(c) ............................................................................19

18 U.S.C. § 3731 ......................................................................... 13, 14, 15

18 U.S.C. § 3742(b) ...........................................................................13

18 U.S.C. § 3771 .......................................................................... 1, 12

18 U.S.C. § 3771(d)(3)..........................................................................6

28 U.S.C. § 1291 ..................................................................... *passim*

Fed. R. App. P. 8...................................................................................7

Fed. R. Crim. P. 33 ..............................................................................22

Fed. R. Crim. P. 33(b)(1).......................................................................23

iii

Fed. R. Crim. P. 33(b)(2)............................................................................20

Fed. R. Crim. P. 37 ...................................................................................19

Fed. R. Crim. P. 37(a)......................................................................... 8, 19

Fed. R. Crim. P. 48(a)....................................................................... *passim*

iv

## STATEMENT REGARGING ORAL ARGUMENT

J.H. agrees with the Government and the Court-appointed amicus that oral argument is appropriate in this case.

J.H. is presenting important jurisdictional arguments that are not being presented by the Government, appellant Kirk, or the Court-appointed amicus. Accordingly, J.H. respectfully requests an opportunity to participate in oral argument. Shortly after filing this brief, J.H. will also file a motion to participate in the oral argument.

**AMICUS BRIEF OF VICTIM J.H. IN SUPPORT OF NEITHER PARTY**[1]

Following a full and fair trial, the jury below found defendant/appellant L.A. County Sheriff's Deputy Trevor Kirk guilty of using excessive force against his victim, amicus J.H. The district court sentenced Kirk to four months in prison, and then—weeks later—the Government moved to dismiss the indictment. On the merits, the district court correctly denied that motion, for reasons well explained by the Court-appointed amicus.

In this Court-authorized brief, J.H. provides separate reasons for leaving undisturbed the judgment against the officer who used excessive force against her. To begin with, the Government is not authorized to appeal from the district court's post-judgment ruling denying dismissal. *See* 18 U.S.C. § 3771. But even if this Court concludes it possesses appellate jurisdiction, the district court lacked jurisdiction to even consider the Government's motion. Four days after he was sentenced, Kirk filed his notice of appeal—immediately divesting the district court of jurisdiction and sending the case to this Court. Not until seven weeks later did the Government move to dismiss the charge against Kirk. The district court plainly lacked jurisdiction to consider the Government's untimely motion to dismiss. As a result, if the Court reaches the merits, the proper disposition of the Government's and Kirk's appeals is to remand and vacate the district court's jurisdictionally void order—leaving Kirk's conviction in place.

---

[1] This amicus brief was authored and funded solely by J.H.'s counsel.

1

## RELEVANT PROCEDURAL BACKGROUND

This case began on September 4, 2024, when the Government filed a one-count indictment against the defendant, Trevor James Kirk. ECF No. 1.[2] The indictment alleged that Kirk, a sworn law enforcement officer in the Los Angeles County Sheriff's Department, used excessive force against J.H. The facts surrounding his attack on J.H. are well summarized in the brief of the Court-appointed amicus. *See* Answering Br. of Amicus Curiae Erwin Chemerinsky at 3-5.

On February 4-6, 2025, the district court held a jury trial on the charge. Both the Government and Kirk presented their evidence and made their arguments. The jury found Kirk guilty of a felony civil rights violation. ECF No. 51.

Two weeks later, on February 20, 2025, Kirk filed a motion to set aside the jury's verdict. ECF No. 63. Kirk argued that the Government had failed to introduce sufficient evidence to demonstrate that he had willfully used excessive force. *Id.* at 3-9.

On March 17, 2025, the Government responded in detail to Kirk's motion, demonstrating how strong the Government's case was at trial. *See* ECF No. 68.

---

[2] For convenience, this brief will cite to the rulings below by their electronic case filing ("ECF") docket entries in the district court.

2

On April 18, 2025, the district court denied Kirk's motion for judgment of acquittal, with a detailed ruling recounting the evidence. *See* ECF No. 75. In light of the Government's overwhelming evidence, the district court denied the motion to set aside the jury's verdict. *Id.*

As sentencing approached, the Government became represented by new prosecutors. ECF No. 81. And, on May 1, 2025, the Government and Kirk filed a proposed plea agreement. ECF No. 82. Under the proposed "binding" agreement, Kirk planned to withdraw his plea of not guilty and "admit that, as the [Government] proved at trial and the jury found, he is in fact guilty of the lesser-included misdemeanor violation of Deprivation of Rights Under Color of Law," in violation of 18 U.S.C. § 242. *Id.* at 2-3. In exchange, the Government proposed to strike the jury's finding as to question two on the verdict form (i.e., the existence of serious bodily injury), reducing the conviction from a felony to a misdemeanor. *Id.* at 4. The Government, joined by Kirk, agreed to a proposed sentence of a one-year term of probation, a fine of not greater than $5,500, and restitution, if any, to be determined by the district court. *Id.* at 10.

On May 6, 2025, the district court reviewed the proposed plea and questioned whether it possessed authority to "strike" the jury's finding on its verdict form. ECF No. 90. The district court requested briefing on the issue. *Id.* at 1. Thereafter, the Government filed two briefs on the issue. *See* ECF Nos. 94 & 95.

In its first brief, filed on May 13, 2025, the Government defended its proposed binding plea agreement. ECF No. 94. The Government noted Kirk's agreement to plead guilty to the misdemeanor charge. *Id.* at 2. On the issue of the appropriate sentencing Guidelines, the Government abruptly changed its earlier position. While the Government had previously proven Kirk guilty of a felony at trial, now the Government argued that the evidence failed to demonstrate the required seriousness (even though it had earlier submitted to the Probation Office a memorandum demonstrating the relevant facts). *See id.* at 6. Under its new position, the Government claimed that the applicable sentencing guideline was not the one for "aggravated assault." The Government claimed that Kirk had not deployed pepper spray in J.H.'s face with the intent to cause bodily injury. *Id.* at 8. And the Government further argued that, while J.H. had suffered injury, that injury (in its view) did not rise to the level of serious bodily injury. *Id.* at 11.

Two days later, on May 15, 2025, after "further research on the matter," the Government filed a supplemental submission. ECF No. 95 at 1. In this filing, the Government argued that, under Fed. R. Crim. P. 48(a), it could move to dismiss— and the district court had the power to dismiss—parts of indictment that the jury had found to be proven at trial. *Id.* at 2.

Victim J.H. also submitted a statement regarding sentencing, explaining why no good cause existed for overturning the jury's felony guilty verdict. J.H. also asked the Court to be mindful of Kirk's earlier domestic violence arrest for throwing his

wife down in the same way in which he threw J.H. down. ECF No. 99 at 5. J.H. urged the Court to maintain the jury's verdict, reflecting injury to J.H. *Id.* at 12. She concluded that overturning the verdict "would give favored treatment to the defendant in this case because of politics." *Id.*

On May 19, 2025, the district court held a sentencing hearing. The Court heard the Government and Kirk's position that the case should be dismissed under Rule 48(a). The court allowed J.H. to make a victim impact statement.

On May 27, 2025, the district court granted, in part, the Government's motion to dismiss portions of the indictment elevating the crime to the felony level but rejected the parties' proposed binding plea agreement. ECF No. 103. In a detailed order, the district court explained that, under Federal Rule of Criminal Procedure 48(a), the Government had the prerogative to determine whether it remained in the interest of justice to pursue a felony-level charge. The district court noted that the Government took the position that a misdemeanor conviction was more consistent with the facts of the case. *Id.* at 3. In light of the Government's new view, the district court granted the motion to dismiss the felony allegations in the indictment. *Id.* at 4-5. At the same time, the district court refused to strike the part of the jury's verdict that found the felony allegations were proven beyond a reasonable doubt. *Id.* at 5-6. As a result, Kirk remained convicted of a misdemeanor charge for using excessive force. *Id.* at 6.

5

The district court then turned to the parties' proposed binding plea agreement, rejecting the agreement. The district court found that a probationary disposition would fail to reflect the seriousness of Kirk's crime, because by "willfully using unreasonable force against J.H., [Kirk] broke [the public's] trust." ECF No. 103 at 6-7. The district court set a further sentencing hearing for one week later. *Id.*[3]

On May 29, 2025, the Government filed a sentencing memorandum. In light of the Court's ruling rejecting straight probation, the Government urged a sentence of three-months home confinement. ECF No. 104 at 1-2. The next day, May 30, 2025, Kirk joined the Government's sentencing memorandum. ECF No. 108.

On June 2, 2025, the district court held a sentencing hearing and rejected the Government's recommendation, sentencing Kirk to four months imprisonment. ECF No. 109. The next day, June 3, 2025, the district court entered a written "judgment and commitment" imposing that prison sentence. ECF No. 110.

Three days later, June 6, 2025, Kirk filed a "Notice of Appeal" to this Court. ECF No. 112 at 1. The notice stated that Kirk was appealing "from … [his] [c]onviction only." *Id.*

---

[3] In light of the dropping of the felony charge, victim J.H. immediately sought further review in this Court of the issue of reducing the charge from a felony to a misdemeanor. She filed a petition for review under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771(d)(3). This Court denied the petition. This Court concluded that this Court had properly afforded J.H. her right to be heard on sentencing issues when the Court allowed her to speak at the sentencing hearing. *In re J.H.*, 138 F.4th 1347 (9th Cir. 2025).

Following that notice, on that same day, this Court assigned an appellate case number to Kirk's appeal, specifically Ninth Circuit No. 25-3607. Dkt. Entry #1. That same day, this Court also scheduled further proceedings, including Kirk filing his opening brief on August 29, 2025. Dkt. Entry #2. Thereafter, the appeal progressed in the normal manner. For example, Kirk filed his designation of the appellate record. *See* ECF No. 118.

While his appeal moved forward in this Court, on July 7, 2025, Kirk made a motion for bond pending appeal in the district court. ECF No.117.[4] The district court denied that motion and set a self-surrender date at the end of August. ECF No. 119.

On July 29, 2025, more than seven weeks after the case had progressed from the district court to this Court, the Government filed—in the district court—a new, second motion to dismiss under Rule 48(a). ECF No. 121. The motion was only five sentences long. The Government did not explain why it was moving to dismiss the entire criminal case where it had previously obtained a guilty verdict to a felony civil rights violation. The Government noted that Kirk did not object to the motion. *Id.* at 1.

The next day, J.H. objected. ECF No. 122.

---

[4] Under Federal Rule of Appellate Procedure 8, a district court is specifically given authority to handle a bond motion even while an appeal has taken the case to the Court of Appeals.

7

On August 1, 2025, the Government filed a "supplement" to its motion to dismiss. The Government's supplement admitted a "question" about the district court's jurisdiction—but did provide any answer. *See* ECF No. 126 at 1. Perhaps recognizing that the district court lacked jurisdiction, the Government also asked, "in the alternative," for an "indicative ruling" under Federal Rule of Criminal Procedure 37(a) about how, if this Court were to remand, the district court might then rule on the motion to dismiss. *Id.* at 1-2. As for the basis for its dismissal motion, the Government stated tersely that it has "determined that the interests of justice warrant dismissal of the case and has elected to not defend the conviction on appeal." *Id.* at 3.

Two days later, on August 3, 2025, J.H. filed a supplement to her objection to the motion to dismiss, explaining that the district lacked jurisdiction to consider the Government's motion because Kirk's notice of appeal had transferred the case to this appellate court. ECF No. 128 at 12-14.

On August 4, 2025, the district court heard arguments from the Government and Kirk on the motion to dismiss. ECF No. 131. Although J.H. had indicated that her counsel was available to appear electronically, the district court did not invite her counsel to participate.

On August 8, 2025, the district court entered a written order denying the Government's motion to dismiss because it was clearly contrary to the public interest. The district court entered a factual finding that "the record reflects that the

8

Government's newest Rule 48(a) motion is motivated not by the discovery of new evidence or reconsideration of the case, but by disagreement with the Court's decision to sentence Kirk to four months in prison." ECF No. 134 at 5. The district court also held that "the Government has uncovered no new evidence and presents no new arguments." *Id.* at 7.

Five days later, on August 13, 2025, Kirk filed his second notice of appeal, appealing from the district court's decision to deny the Government's motion to dismiss. ECF No. 135. This Court assigned a second appeal number—No. 25-5125.

The next day, the Government followed suit, filing its notice of appeal. ECF No. 138. Using a standard form for notices of appeal in criminal cases, the Government did not check any of the boxes for an appeal in a "criminal matter." Instead, the Government scratched out "civil matter" and checked a box underneath that entry for "order"—i.e., "Order Denying Motion to Dismiss":

NOTICE IS HEREBY GIVEN that _____ United States of America _____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

~~**Civil Matter**~~

☒ Order (specify):
     Order Denying Motion to Dismiss;
     CR No. 134; Filed on 8-8-25
☐ Judgment (specify):

☐ Other (specify):

This Court assigned this third appeal its own number—No. 25-5200.

9

Meanwhile, before this Court, J.H. filed a motion to be appointed as amicus in defense of the judgment below in the first appeal (No. 25-3607), noting that both the Government and Kirk were aligned in seeking to overturn Kirk's prison sentence below. Dkt. Entry #4, corrected in Dkt. Entry #12. After the two additional appeals were opened by this Court, J.H. filed a motion to consolidate all three appeals, as did the Government.

On August 25, 2026, this Court entered an order consolidating all three appeals. Dkt. Entry #16. It also granted J.H.'s motion to be appointed amicus in defense of the judgment below "in part." Specifically, this Court granted J.H. leave to file an amicus brief. *Id.* This Court also appointed Dean Erwin Chemerinsky to defend the district court's judgment and order. *Id.*

Thereafter, following various delays, both the Government and Kirk filed opening briefs attacking the district court's decision to deny the motion to dismiss. After a ruling from this Court's Appellate Commissioner that the parties had improperly attempted to seal information, the Government and Kirk filed new briefs (on May 13 and 21, 2026, respectively).

In its brief, the Government's stated that this Court possessed jurisdiction "under 28 U.S.C. § 1291." Gov't Br. at 3. The Government also argued, "alternatively," that "the district court's denial of the United States' Rule 48(a) motion is an appealable collateral order." *Id.* (citing *United States v. Bernard*, 42

10

F.4th 905, 908 (8th Cir. 2022)). *Id.* The Government did not discuss why a collateral order appeal was proper.

In his brief, Kirk also asserted that this Court has jurisdiction over his appeal under 28 U.S.C. § 1291. Kirk Br. at 1. Kirk also noted that he had filed two notices of appeal, but that he was dropping his first appeal. Kirk Br. at 1.

On June 18, 2026, the Court-appointed amicus filed his brief defending the judgment below, while not addressing questions regarding this Court's jurisdiction. *See* Br. of Court-Appointed Amicus at 2. n.1.

As permitted by this Court, J.H. now files her own amicus brief urging this Court to dismiss or deny the appeals, thus leaving the judgment below in place.

## ARGUMENT

The Court-appointed amicus has provided compelling reasons this Court should affirm the district court's decision to reject the motion to dismiss—because that decision was correct on the merits. J.H. fully endorses those reasons.

But this Court must dismiss the Government's appeal (No. 25-5200), because the Government is not authorized to appeal from the district court's post-judgment ruling denying the motion to dismiss, *see* 18 U.S.C. § 3771, and that post-judgment order is not an appealable interlocutory collateral order.

Even if this Court determines it possesses jurisdiction to review the district court's order, this Court must leave the judgment below in place. Kirk's first notice of appeal challenging his conviction immediately divested the district court of jurisdiction and moved the case to this appellate court. Accordingly, seven weeks later, when the Government moved to dismiss in the district court, that court lacked jurisdiction to even consider the motion. Therefore, if this Court determines that it possesses appellate jurisdiction, it should vacate the district court's void order and remand with instructions to dismiss the belated dismissal motion for lack of jurisdiction. And, for similar jurisdictional reasons, Kirk's attempt to appeal from the denial of the *Government's* motion (No. 25-5125) must also be denied.

**I.**    **This Court Lacks Jurisdiction to Consider a Government Appeal from a Ruling Denying a Post-Judgment Motion to Dismiss.**

This Court lacks jurisdiction over the Government's appeal (No. 25-5200). The Government is not statutorily authorized to appeal a district court denial of a post-judgment motion to dismiss an indictment and vacate the conviction. In relevant part, the statute authorizing Government appeals in criminal cases specifically and strictly limits Government appeals to those challenging "a decision, judgment, or order of a district court *dismissing* an indictment …." 18 U.S.C. § 3731 (emphasis added).[5] Of course, the Government's appeal is not from an order "dismissing an indictment …" but rather from the opposite: an order *refusing* to dismiss an indictment. Accordingly, § 3731 does not authorize the Government's post-judgment appeal and there is simply no other statute authorizing the Government's to appeal.[6]

In an attempt to establish appellate jurisdiction, the Government's references the "final judgment" rule. The Government's brief states tersely that "[t]his Court has jurisdiction under 28 U.S.C. § 1291." Gov't Br. at 3. But the final judgment rule is only one part of the two-part requirement for appellate jurisdiction over a

---

[5] The statute also authorizes the Government to appeal an order "granting a new trial after verdict or judgment, as to any one or more counts, or any part thereof …", grounds that are not relevant here.

[6] In another paragraph, the statute also allows Government appeals from an order "suppressing or excluding evidence" if made before the defendant has been put in jeopardy. 18 U.S.C. § 3731. Of course, that interlocutory appeal provision is not applicable here. In addition, another statute allows the Government to appeal a sentence that was imposed in violation of law or outside the sentencing guidelines. 18 U.S.C. § 3742(b). That provision is likewise inapplicable here.

Government appeal in a criminal case. This Court has explained that "[g]enerally, we have jurisdiction over the government's appeal in a criminal case when (1) the decision being appealed is a 'final judgment' under 28 U.S.C. § 1291 *and* (2) the government has a right to appeal under 18 U.S.C. § 3731." *See United States v. Chaudhry*, 630 F.3d 875, 878 (9th Cir. 2011) (prongs reordered and emphasis added) (citing *United States v. Russell,* 804 F.2d 571, 573 (9th Cir.1986)). Even if one were to assume that a district court's stand-alone order denying a motion to dismiss is somehow a separate "final judgment"—apart from the actual judgment-and-conviction entered against the defendant—it is not the type of final judgment in a criminal case that the Government can appeal under § 3731. For criminal cases, **§** 3731 only allows a post-judgment appeal from a district court order that "effectively preclude[s]" the "government's prosecution of the defendant" or is "tantamount to dismissal" of the government's case. *United States v. Chaudhry,* 630 F.3d 875, 879 (9th Cir. 2011). Of course, the district court's decision *rejecting* a motion to dismiss was not tantamount to a dismissal of the Government's case.

Perhaps recognizing these difficulties, the Government briefly references—but does not explain—the idea that it could be appealing from an interlocutory "collateral order." Gov't Br. at 3. As explained in the next section below, the district court lacked jurisdiction to even enter a collateral order denying the Government's motion to dismiss after the judgment was appealed. Thus, even if interlocutory collateral order review were somehow available here, the Government's appeal

14

cannot succeed because the district court lacked jurisdiction to consider the dismissal motion. *See, e.g., Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003) ("[w]e cannot consider the merits of the appeal before assuring ourselves that the district court had jurisdiction.").

Without elaboration, the Government cites an (out-of-jurisdiction) case as showing that denial of motion to dismiss is an appealable collateral order: *United States v. Bernard*, 42 F.4th 905, 908 (8th Cir. 2022), cited in Gov't Br. at 3. But *Bernard* held that a district court's denial of a government motion to dismiss counts as part of a plea bargain *before a jury verdict and before a final judgment* could be appealed as an interlocutory collateral order. This case stands in a much different procedural posture. In *Bernard*, the district court indisputably possessed jurisdiction to review the Government's *pre-trial* motion. Here, the Government did not file its motion to dismiss under Rule 48(a) until well *after* the jury had rendered its verdict, *after* a judgment of conviction had been entered by the district court—and *after* the defendant had appealed his conviction to this Court. The collateral order doctrine is not an independent jurisdictional grant—it is a practical construction of § 1291's finality requirement. *See Will v. Hallock*, 546 U.S. 346, 349 (2006). Congress limited the grounds for Government's post-judgment appeals in criminal cases in section 3731's provisions. The Government cannot maneuver around those specific limitations by merely citing the collateral order doctrine.

Enforcing § 3731's limitations on Government appeals does not leave the

15

Government without any recourse. For example, where a motion to dismiss is properly before the district court and improperly denied, the Government could seek mandamus review.[7] And, of course, ultimately the Constitution itself provides that the President "… shall have Power to grant Reprieves and Pardons for Offences against the United States …." U.S. Const., art. II, § 2, cl. 1. But here the President has not invoked such power.

Finally, even if the Court were inclined to entertain the possibility of collateral order review over this post-judgment order, the Government does not explain how it satisfies the requirements for such review. This Court applies the collateral order doctrine "strictly in criminal cases because of § 1291's strong policy against piecemeal litigation and the disfavor for government appeals in the criminal context. The Government thus frequently cannot obtain review of alleged district court errors in a criminal case, a consequence that inevitably flows from the rationales underlying the final judgment rule and the limited nature of the collateral order exception." *United States v. Hickey,* 185 F.3d 1064, 1066–67 (9th Cir. 1999).

Collateral order review is only proper where it is needed to "resolve an important issue *completely separate* from the merits of the action." *United States v. No Runner*, 590 F.3d 962, 964 (9th Cir. 2009) (emphasis added). But here the Government is attempting to use the collateral order doctrine to set aside the

---

[7] The Government has not sought mandamus review in this case, presumably attempting to avoid the demanding standards associated with such review.

16

resolution of the "merits of the action"—that is, to set aside the jury's verdict and the judge's ultimate sentence. Indeed, in its brief here, the Government argues that dismissal is a "a more just *outcome* than prison time." Gov't Br. at 47 (emphasis added). Whatever else might be said about this claim about this case's "outcome," it is obviously not "completely separate" from the merits of the case. Accordingly, this Court lacks collateral order jurisdiction to review the dismissal issue.

**II.     This Court Must Also Reject the Government's Appeal Because the District Court Lacked Jurisdiction to Consider the Government's Motion Made After this Case Had Moved to this Appellate Court.**

If the Court concludes it possesses jurisdiction over the Government's appeal, it must reject it. When the Government belatedly made its motion to dismiss below, the district court lacked jurisdiction to even consider the motion—the case had already moved to this Court, divesting the district court of jurisdiction.

While this case has an extensive history, the relevant chronology surrounding the Government's motion to dismiss is simple and uncontested. The Government filed its motion to dismiss in the district court more than seven weeks after this case had already moved to this Court, as shown in the following timeline:

February 4-6, 2025 — Jury trial and guilty verdict.

May 27, 2025 – The district court grants the Government motion to dismiss the part of the indictment producing the felony but rejects a proposed plea agreement to no-jail time.

June 2, 2025 – The district court sentences Kirk to four months in prison.

June 3, 2025 — The district court enters a "Judgment and Commitment" sentencing Kirk to four months in prison.

**June 6, 2025 – Kirk files his notice of appeal in the district challenging his conviction, moving the case to this Court**.

June 6, 2025 – This Court assigns an appeal number to Kirk's appeal (No. 25-3607) and establishes a briefing schedule.

**July 29, 2025 – Government file its motion to dismiss in the district court.**

August 3, 2025 – Victim J.H. files her supplemental opposition to the motion to dismiss, noting lack of jurisdiction.

August 8, 2025 – The district court denies the Government's motion to dismiss without discussing jurisdiction.

August 13, 2025 – Kirk files his second notice of appeal, from the district court's denial of the Government's motion to dismiss (No. 25-5125)

August 14, 2025 – The Government files a notice of appeal, from the district court's denial of the Government's motion to dismiss (No. 25-5200).

In light of this undisputed timeline, the judgment and conviction in the criminal case—i.e., *United States v. Trevor Kirk*—moved from the district court to this Court on June 6, 2025, when Kirk filed his notice of appeal from the judgment and conviction below. ECF No. 112. As this Court has repeatedly explained, "The general rule is that once a notice of appeal has been filed, the district court is divested of jurisdiction over the matters being appealed." *United States v. Phelps,* 283 F.3d 1176, 1181 (9th Cir. 2002) (*citing Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). The straightforward reason for this divestiture rule is

18

to "avoid the confusion of having the same issues before two courts simultaneously." *Phelps*, 283 F.3d at 1181. For this reason, in other criminal cases, this Court has held that it lacks jurisdiction to consider district court rulings involving the issue being appealed. *See, e.g., United States v. Najjor*, 255 F.3d 979, 983 (9th Cir. 2001) ("although the district court believed it retained jurisdiction to reconsider the restitution issue, the filing of the notice of appeal … divested the district court of jurisdiction ….."); *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993) (a district court is "divested of jurisdiction once a notice of appeal has been filed from the original sentence ... [which helps] to ensure that the sentence imposed in the public forum during the sentencing hearing would remain constant, immune from later modification."). Kirk's notice of appeal challenged his "conviction," ECF No. 112, meaning that all issues in the case involving his "conviction" transferred to this Court.

In the district court, the Government made no claim that any exception to the general divestiture rule applied.[8] And yet it pursued duplicative litigation in the

---

[8] Three days after filing its motion to dismiss, the Government sheepishly filed a "supplement" asking the district court, in the alternative, for an "indicative" ruling under Fed. R. Crim. P. 37(a). Specifically, the Government asked the district court to rule, hypothetically, that, were this Court to remand the defendant's then-pending appeal (No. 25-3607), then the district court would grant the motion to dismiss. ECF No. 126 at 1.

But as the Advisory Committee notes to Rule 37 explain, in criminal cases the rule is to be used "primarily if not exclusively for newly discovered evidence motions, reduced sentence motions, and motions under 18 U.SC § 3582(c) [compassionate release from prison]." Fed. R. Crim. P. 37(a), Adv. Comm.

district court—a strategy that ultimately spawned three separate appeals. The Government did not attempt to present the dismissal issue first to this Court, through (for example) a motion to remand to the district court. Instead, the Government apparently preferred to forum shop the issue to the district court.

The reason the Government pursued this illegal strategy is obvious: it wanted two bites at the appellate apple. If the district court had granted its motion to dismiss, the Government would have then gone to this Court and argued that it could no longer review the case. But having failed in its first opportunity to take a dive in this case, the Government now seeks to avail itself of a second. In a case involving strong suggestions of political manipulation and favoritism, this Court should strictly adhere to standard jurisdictional procedures and protect the finality of a duly entered criminal judgment. *Cf. Bucklew v. Precythe*, 587 U.S. 119, 149 2019 ("Both the State

---

Note, 2012 Adoption (internal citations omitted). Those three situations involve new factual developments in a case, warranting revisiting an earlier proceeding. But in this case, the Government did not cite any new factual development. It only offered its change of opinion about how to best proceed. See ECF No. 126 at 3.

In addition, the Government never attempted to explain why its motion to dismiss was "timely," coming (as it did) more than seven weeks after the district court entered its final judgment. Accordingly, the Government's belated suggestion for an "indicative" ruling fell well outside the district court's inherent authority to reconsider its earlier conviction order within 14 days. *See* Fed. R. Crim. P. 33(b)(2).

Finally, the district court did not address the issue of an "indicative" ruling. Neither the Government nor Kirk discuss the issue in their appellate briefs—much less explain how this Court might somehow possess jurisdiction to review, in the first instance, the factual issues surrounding an "indicative" ruling that was never properly before the district court.

20

and the victims of crime have an important interest in the timely enforcement of a sentence" (internal citation omitted)).

In an after-the-fact effort to defend having the same case before two courts at the same time, the Government now cites *United States v. Burdeau*, 168 F.3d 352, 359 (9th Cir. 1999). *See* Gov't Br. at 24-25, 34, 56-59. But *Burdeau* did not *hold* that the Government could file a dismissal motion in the district court while a case was before this Court. Instead, it merely commented—in dicta—that "the government has the power to move to dismiss any count of the indictment as long as the defendant's appeal is pending and the decision is therefore not final." *Id.* at 359. Obviously, this statement was dicta because the Government had not made such a dismissal motion in that case—indeed, it is unclear whether the Government ever made such a motion at any time in that case. More important, the dicta do not address the proper *procedure* for pursuing a dismissal motion in the district court. The *Burdeau* dicta can be read consistently with the well-established divestiture rule. The dicta could be understood as inviting a Government motion in the Court of Appeals to remand to the district court. If the Court of Appeals deemed the motion meritorious and granted it, then the district court's jurisdiction would be restored and the district court could then properly consider the Government's dismissal motion.

This narrower reading of the *Burdeau* dicta is consistent with the two cases that *Burdeau* cited in support. In the first case—*Rinaldi v. United States*, 434 U.S. 22 (1977)—the Fifth Circuit had remanded a case to the district court specifically so

21

that the district court could consider whether to grant a Government motion to dismiss. *See* 434 U.S. at 24. *Rinaldi* never suggests that a district court possesses jurisdiction to entertain a Government motion to dismiss while the case was pending in the Court of Appeals.

In the second case—*United States v. Gonzalez*, 58 F.3d 459 (9th Cir. 1995)— the Government had moved the district court to dismiss a charge to which a defendant had pled guilty. The Government's motion recounted that the defendant had not been properly informed of the consequences of his guilty plea and had provided substantial assistance to the Government. *Id.* at 462. The Government moved to dismiss while the case was in the district court—indeed, *before sentencing*. *Id.* The district court denied that motion and sentenced the defendant on the charge the Government had proposed to dismiss. The defendant appealed, challenging his sentence, and was joined by the Government. *Id.* This Court then reversed, remanding with instructions that the district court grant the Government's motion. *Id.* at 464. Here again, there was no doubt that, at the time the Government made its motion, the district court possessed jurisdiction over the case.

The reason for applying the divestiture rule here is obvious: to "avoid the confusion of having the same issues before two courts simultaneously." *Phelps*, 283 F.3d at 118. Indeed, that principle is reflected in other parts of the federal rules. Rule 33 (found in Part VII of the Federal Rules of Criminal Procedure— "*Post-Conviction Procedures*")—allows a defendant to move for the district court to "vacate any

22

judgment and grant a new trial if the interests of justice so require." The motion must be filed within three years of the verdict and cannot be filed "*until the appellate court remands the case*." Fed. R. Crim. P. 33(b)(1) (emphasis added). That standard approach should apply here as well.

For all these reasons, the district court was divested of jurisdiction to even consider the Government's motion to dismiss after the defendant's appeal had transferred the case to this Court. Even though the parties have not presented the jurisdictional issue, this Court has a duty to consider it "sua sponte." *United States v. Montalvo*, 581 F.3d 1147, 1150 (9th Cir. 2009).

Because the district court properly refused to dismiss the criminal case, that ruling must be affirmed, "even if the district court relied on the wrong grounds or wrong reasoning." *Pell v. Nuñez*, 99 F.4th 1128, 1135 (9th Cir. 2024). Here, the district court should have denied the Government's dismissal motion, but for the reason that it no longer possessed jurisdiction to review the motion. Therefore, the decision below on the dismissal motion was a nullity. Accordingly, if this Court concludes it possesses jurisdiction to consider the Government's appeal (No. 25-5200), the proper disposition by this Court is to remand and vacate the district court's order. *See, e.g., Orff v. United States*, 348 F.3d 1137, 1149 (9th Cir. 2004) ("If jurisdiction is lacking, then the [district] court's various orders … were nullities."); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("every federal appellate court has a special obligation to satisfy itself not only of its own

23

jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it" (cleaned up)). Of course, such a remand-and-vacate disposition would leave Kirk's conviction in place.

### III. The Defendant's Appeals Provide No Basis for Review of the Denial of the Government's Motion to Dismiss.

For similar reasons, this Court lacks jurisdiction to review defendant Kirk's two appeals. Kirk's first appeal (No. 25-3607) was filed on June 6, 2025—seven weeks before the Government filed its motion to dismiss. Accordingly, it cannot provide any basis for reviewing the later-filed motion. Presumably, because of this incontestable timeline, Kirk has withdrawn this first appeal. *See* Kirk. Br. at 1 ("Mr. Kirk is not appealing his conviction as noticed in his first notice of appeal."). Kirk Br. at 1.

With respect to Kirk's second notice of appeal (No. 25-5125), Kirk attempts to argue that the district court should have granted the Government's motion to dismiss. But for all the reasons explained above, the Government's motion was never properly before the district court—because Kirk himself had divested the district court of jurisdiction over the case by filing his notice of appeal seven weeks earlier. If this Court were to consider Kirk's appeal, it would meet the same fate as the Government's.

But in any event, Kirk is improperly attempting to appeal from the denial of the *Government*'s motion to dismiss. He did not join that motion below—

24

presumably because a defendant is not entitled to join a motion to dismiss under Rule 48(a). By its plain terms, Rule 48(a) only allows the Government to move dismiss. *See United States v. B.G.G.*, 53 F.4th 1353, 1368 (11th Cir. 2022) ("the government is the only party allowed under rule 48(a) to seek the dismissal").[9] While Kirk obviously would like to have the criminal case against him dismissed, he is not entitled to try to protect the Government's (alleged) interest in not moving forward with its prosecution. *See Bryant v. Tech. Rsch. Co.*, 654 F.2d 1337, 1343 (9th Cir. 1981) ("A party may only appeal to protect its own interests, not those of any other party" (cleaned up)). Therefore, this Court must also dismiss Kirk's second appeal (No. 25-5125).

## **CONCLUSION**

For all these reasons, this Court must reject the three appeals before it (Nos. 25-3607, 25-5125, and 25-5200). The Court simply lacks jurisdiction to consider the Government's post-judgment appeal of denial of its motion to dismiss (No. 25-5200). And if the Court concludes that it possesses jurisdiction over that appeal, then the proper outcome is for this Court to vacate the district court's void order—leaving the judgment below in place. There may be other ways for the Government to present the Rule 48 issue to the district court and later seek appellate review. But splitting the case up and placing it before two courts at the same time is not one of them.

---

[9] The rule also allows the Court to dismiss on its own motion in unusual circumstances not relevant here.

The defendant has withdrawn his first appeal (No. 25-3607). And his second appeal (No. 25-5125)—which attempts to challenge the district court's denial of the Government's motion to dismiss—fails for the same reasons that the Government's appeal fails and because Kirk cannot appeal from a denial of the Government's motion.

Rejecting the appeals produces the correct outcome on the merits of this case. As the district court explained, the defendant committed "the offense—the willful use of unreasonable force—while acting under color of law as a police officer. Police officers are entrusted with protecting the public, not harming them. By willfully using unreasonable force against J.H., Defendant broke that trust." ECF No. 103 at 6. Defendant Kirk should serve the duly entered sentence of four months in prison for using excessive force against J.H.

Respectfully submitted,

/s/ Paul G. Cassell
Paul G. Cassell

Caree Harper
LAW OFFICES OF CAREE HARPER
401 Wilshire Blvd. Suite 1200
Santa Monica, CA 90401
Tel: (213) 386-5078

Paul G. Cassell
Utah Victim Project
S.J. QUINNEY COLLEGE OF LAW AT
THE UNIVERSITY OF UTAH
383 S. University St.
Salt Lake City, UT 84112-0300
Tel: 801-580-6462
Email: pgcassell.law@gmail.com
(institutional address for
identification purpose only, not to
imply institutional endorsement)

*Attorneys for Crime Victim-Amicus Curiae J.H.*

26

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 25-3607

I am the attorney or self-represented party.

**This brief contains** 6,456 **words, including** 34 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

🔘 complies with the word limit of Cir. R. 32-1.

⭕ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

⭕ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

⭕ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

⭕ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

⭕ complies with the length limit designated by court order dated _____.

⭕ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/ Paul G. Cassell **Date** 6/24/2026

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

**Form 8**                                                                 *Rev. 12/01/22*