Nos. 25-3607, 25-5125, 25-5200

**IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

UNITED STATES OF AMERICA,
*Plaintiff-Appellee/Cross-Appellant*,

v.

TREVOR JAMES KIRK,
*Defendant-Appellant/Cross-Appellee.*

ERWIN CHEMERINSKY and J.H.,
*Amici Curiae in Support of the Judgment.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

# UNITED STATES' REPLY BRIEF

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General

ANDREW G. BRANIFF
JOSHUA R. ZUCKERMAN
KELSEY E. MCGEE
Attorneys
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(771) 333-0027

# TABLE OF CONTENTS

**PAGE**


INTRODUCTION AND SUMMARY OF ARGUMENT ........................... 1

ARGUMENT ........................................................................... 3

I. This case is moot. ............................................................... 3

II. This Court has jurisdiction to reverse or vacate the denial of the Rule 48(a) motion ........................................ 7

A. This Court has jurisdiction to reverse under 28 U.S.C. 1291 ............................................................. 7

B. This Court has jurisdiction to vacate because Kirk's appeal remains pending .................................... 14

III. This Court should reverse the denial of the Rule 48(a) motion ................................................................ 17

A. The district court was required to grant the United States' Rule 48(a) motion because it was uncontested ........................................................ 17

B. Alternatively, the district court abused its discretion in determining that dismissal was contrary to the public interest .............................. 26

1. The United States' motion was not in bad faith ........................................................... 26

2. The public interest in the separation of powers confirms that the district court should have granted the motion ......................... 30

**TABLE OF CONTENTS (continued): PAGE**

3. Courts may not deny Rule 48(a) motions that they perceive as "politically motivated" ........ 32

IV. Alternatively, this Court should vacate Kirk's conviction and remand for reconsideration of the Rule 48(a) motion ........ 34

CONCLUSION ........ 35

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**PAGE**

**CASES:**

*Abney v. United States*, 431 U.S. 651 (1977) .......... 8

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937) .......... 4

*Baker v. Carr*, 369 U.S. 186 (1962) .......... 32

*Berger v. United States*, 295 U.S. 78 (1935) .......... 28

*Bowsher v. Synar*, 478 U.S. 714 (1986) .......... 19

*Buckingham v. United States*, 998 F.2d 735 (9th Cir. 1993) .......... 35

*Carroll v. United States*, 354 U.S. 394 (1957) .......... 9

*Clay v. United States*, 537 U.S. 522 (2003) .......... 14

*Dupris v. United States*, 446 U.S. 980 (1980) .......... 5

*Flast v. Cohen*, 392 U.S. 83 (1968) .......... 3

*Full Play Group, S.A. v. United States*, 146 S. Ct. 1471 (2026) .......... 16

*Garraway v. Ciufo*, 113 F.4th 1210 (9th Cir. 2024) .......... 32

*Garza v. Idaho*, 586 U.S. 232 (2019) .......... 15

*Griggs v. Consumer Disc. Co.*, 459 U.S. 56 (1982) .......... 11

*Helstoski v. Meanor*, 442 U.S. 500 (1979) .......... 8

*Hirabayashi v. United States*, 828 F.2d 591 (9th Cir. 1987) .......... 13, 19

**CASES (continued):** **PAGE**

*In re Richards*, 213 F.3d 773 (3d Cir. 2000) .......... 27

*In re United States*, 345 F.3d 450 (7th Cir. 2003).......... 18, 22, 27, 30

*Lopez v. United States*, 146 S. Ct. 1494 (2026) .......... 16

*Margulin v. CHS Acquisition Corp.*, 889 F.2d 122 (7th Cir. 1989) .......... 15

*Moore v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 47 (1971) .......... 4

*Naylor v. Superior Ct. of State of Ariz. in and for Maricopa Cnty.*, 558 F.2d 1363 (9th Cir. 1977) .......... 4

*Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211 (1995).......... 20

*Rice v. Rivera*, 617 F.3d 802 (4th Cir. 2010).......... 13, 26

*Rinaldi v. United States*, 434 U.S. 22 (1977).......... 16, 21, 23, 26

*Rucho v. Common Cause*, 588 U.S. 684 (2019).......... 34

*Smith v. School Bd. of Concordia Par.*, 181 F.4th 629 (5th Cir. 2026).......... 4

*Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987) .......... 9

*Thompson v. United States*, 444 U.S. 248 (1980) (per curiam) .......... 16

*Trump v. United States*, 603 U.S. 593 (2024) .......... 7-8, 19, 30

*United States v. Ammidown*, 497 F.2d 615 (D.C. Cir. 1973).......... 23-24

*United States v. Armstrong*, 517 U.S. 456 (1996) .......... 32

*United States v. B.G.G.*, 53 F.4th 1353 (11th Cir. 2022).......... 26

**CASES (continued):** **PAGE**

*United States v. Bernard*, 42 F.4th 905 (8th Cir. 2022) ............ 10, 20, 26

*United States v. Burdeau*, 168 F.3d 352 (9th Cir. 1999) .................. 12, 31

*United States v. Cabrales*, 524 U.S. 1 (1998) ........................................ 21

*United States v. Chaudhry*, 630 F.3d 875 (9th Cir. 2011) ...................... 10

*United States v. Dupris*, 664 F.2d 169 (8th Cir. 1981) .................... 5-8, 12

*United States v. Fokker Servs. B.V.*,
818 F.3d 733 (D.C. Cir. 2016) ........................................................ 25

*United States v. Foumai*, 910 F.2d 617 (9th Cir. 1990) .......................... 16

*United States v. Gonzalez*, 58 F.3d 459 (9th Cir. 1995) .................... 17, 23

*United States v. Hamm*, 659 F.2d 624
(5th Cir. 1981) (en banc) ................................................................ 22

*United States v. Hayden*, 860 F.2d 1483 (9th Cir. 1988) ................. 17, 29

*United States v. Horn*, 29 F.3d 754 (1st Cir. 1994) ........................... 10-11

*United States v. HSBC Bank USA, N.A.*,
863 F.3d 125 (2d Cir. 2017) ........................................................... 26

*United States v. Nixon*, 418 U.S. 683 (1974) ......................................... 17

*United States v. Nordean*, No. 1:21-cr-175,
2026 WL 1999919 (D.D.C. July 10, 2026) .......................... 24-25, 35

*United States v. Oberlin*, 718 F.2d 894 (9th Cir. 1983) ......................... 5-6

*United States v. Palmer*, 3 F.3d 300 (9th Cir. 1993) ................................ 6

**CASES (continued): PAGE**

*United States v. Peterson*, 394 F.3d 98 (2d Cir. 2005) ............................ 10

*United States v. Phelps*, 283 F.3d 1176 (9th Cir. 2002)..................... 11-12

*United States v. Rhodes*, No. 1:22-cr-15 (D.D.C. Aug. 4, 2026), *appeal pending*, No. 26-3039 (D.C. Cir.) ....................................... 25

*United States v. Sadeghi*, No. 4:15-cr-204-8 (S.D. Tex. Jan. 16, 2016) ............................................................ 33

*United States v. Smith*, 467 F.3d 785 (D.C. Cir. 2006)...................... 12-13

*United States v. Texas*, 599 U.S. 670 (2023) .................................... 32, 34

*United States v. Thorpe*, No. 1:13-cr-131, 2023 WL 2139399 (D.D.C. Feb. 21, 2023) .................................................................. 29

*United States v. Thorpe*, 148 F.4th 768 (D.C. Cir. 2025).................. 16, 29

*United States v. United States Dist. Ct., Cent. Dist. of Cal.*, 601 F.2d 379 (9th Cir. 1978) .......................................................... 9

*United States v. Weber*, 721 F.2d 266 (9th Cir. 1983) ............................ 26

*United States v. Whittaker*, 268 F.3d 185 (3d Cir. 2011)........................ 10

*Wayte v. United States*, 470 U.S. 598 (1985) ......................................... 17

*Whitmore v. Arkansas*, 495 U.S. 149 (1990) ............................................ 5

*Will v. Hallock*, 546 U.S. 345 (2006) ........................................................ 7

**STATUTES:** **PAGE**

18 U.S.C. 3731 .......................................................................... 8

28 U.S.C. 1291 .......................................................................... 7, 14

28 U.S.C. 2106 .......................................................................... 15

**RULES:**

Fed. R. App. P. 42(b)(2) .......................................................... 15

Fed. R. Crim. P. 48(a) .............................................................. *passim*

**MISCELLANEOUS:**

Memorandum from Attorney General Merrick Garland to All Fed. Prosecutors, General Department Policies Regarding Charging, Pleas, and Sentencing (Dec. 16, 2022) .......................................................... 32-33

Memorandum from Attorney General Pamela Bondi to All Dep't Emps., General Policy Regarding Charging, Plea Negotiations, and Sentencing (Feb. 5, 2025) ................................ 33

# INTRODUCTION AND SUMMARY OF ARGUMENT

This case is about compelled prosecution. After Kirk was convicted and sentenced, but before his judgment of conviction became final, the United States moved to dismiss the case under Rule 48(a) because of concerns that a prison sentence would be unjust. Although Kirk did not contest the Rule 48(a) motion, the district court denied the motion, based on its assessment that the public interest favored the Judiciary's sentencing authority over the Executive's prosecutorial discretion. That was error, and for the reasons explained below, this Court should reverse the denial of the Rule 48(a) motion or vacate and remand with instructions to grant the motion.

**1.** This underlying controversy is moot. The uncontested Rule 48(a) motion terminated the controversy between the United States and Kirk.

**2.** This Court has two independent bases of jurisdiction.

First, this Court has jurisdiction over the United States' appeal of the order denying the motion ("Order"), which is a collateral order under 28 U.S.C. 1291, and was properly before the district court. Kirk's appeal of his sentence and conviction did not divest the district court of

jurisdiction over issues distinct from and collateral those he appealed. This Court therefore may reverse the denial of the Rule 48(a) motion.

Second, this Court has jurisdiction over Kirk's appeal of his conviction. Amicus J.H. argues that Kirk has withdrawn his appeal, but the appeal remains pending because there has been no dismissal pursuant to Federal Rule of Appellate Procedure 42(b)(2). This Court therefore may vacate Kirk's conviction and remand with instructions to grant the Rule 48(a) motion.

**3.** This Court should reverse on the merits because district courts cannot usurp prosecutorial authority by denying motions to dismiss in the name of the public interest. The Court-appointed amicus Erwin Chemerinsky ("Amicus") disagrees. His theory that the Judiciary's sentencing authority overrides the Executive's prosecutorial discretion rests on the false premise that the Constitution tolerates one branch's "minimal" intrusions upon another branch's powers. Amicus Br. 17. He also argues that Rule 48(a) requires court approval to dismiss a case, but this leave-of-court provision does not mean that courts necessarily have discretion to deny leave when motions are uncontested.

Even if district courts have discretion to deny Rule 48(a) motions that are clearly contrary to manifest public interest, the district court abused its discretion here. Contrary to Amicus's argument, the district court made no finding of bad faith, and the United States transparently told the district court that it filed the motion because it believed the sentence was unjust and because it disapproved of how the case was prosecuted. Amicus's remaining arguments that the motion both infringes on the Judiciary's sentencing authority and is improperly "politically motivated" fail as well. The motion would not disturb a final sentence, and "politically motivated" is neither an identifiable nor a judicially manageable standard for determining whether a dismissal is contrary to public interest.

**4.** Procedurally, if this Court does not reverse the denial of the motion to dismiss, it should vacate Kirk's conviction and remand with instructions to grant the Rule 48(a) motion.

## ARGUMENT

### I. This case is moot.

Article III's case-or-controversy requirement "limit[s] the business of federal courts to questions presented in an adversary context." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). If there is no "dispute between parties

who face each other in an adversary proceeding," then there is no justiciable controversy. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242 (1937).

The United States' uncontested Rule 48(a) motion eliminated the controversy between the United States and Kirk because it meant that "both litigants desire precisely the same result[:]" that all charges against Kirk be dismissed. *Moore v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 47, 48 (1971). The district court erred by continuing to "exercis[e] jurisdiction after the parties have ended the case by the very mechanism the Rules authorize." *Smith v. School Bd. of Concordia Par.*, 181 F.4th 629, 635 (5th Cir. 2026). Because the "district court should have dismissed the case as moot," this Court should dismiss Kirk's first appeal, vacate the Order, "and remand, with directions to dismiss the [case] as moot." *Naylor v. Superior Ct. of State of Ariz. in and for Maricopa Cnty.*, 558 F.2d 1363, 1366 (9th Cir. 1977).

Amicus does not deny that there is no longer a controversy between the United States and Kirk. Instead, he argues that there is a "controversy as to whether the district court properly used its discretion under Rule 48(a)." Amicus Br. 50. Just as a "federal court is powerless

to create its own jurisdiction by embellishing otherwise deficient allegations of standing," *Whitmore v. Arkansas*, 495 U.S. 149, 155-156 (1990), it cannot prolong a case by resuscitating a mooted controversy.

Amicus also argues a finding of mootness is irreconcilable with "extensive case law … reiterating the Judiciary's critical role in deciding whether to dismiss an indictment." Amicus Br. 51. Appellate precedent regarding uncontested motions to dismiss does not address mootness, with the notable exception of *United States v. Dupris*, 664 F.2d 169 (8th Cir. 1981). There, the Eighth Circuit correctly held that when a Rule 48(a) motion indicates that the United States "does not wish to prosecute" and the "defendant does not wish to be prosecuted," then a case becomes moot.[1] *Id.* at 175. It is irrelevant that the uncontested Rule 48(a) motion in *Dupris* was pre-sentencing. Kirk's appeal was pending, so like the defendant in *Dupris*, his guilt had not finally been adjudicated at the time of the Rule 48(a) motion. *See United States v. Oberlin*, 718 F.2d 894, 896

[1] The Supreme Court previously vacated the defendant's conviction and remanded "to consider the question of mootness." *Dupris v. United States*, 446 U.S. 980 (1980).

(9th Cir. 1983) (A pending appeal is an "integral part of [our] system for finally adjudicating … guilt or innocence"). So in both cases, the United States retained discretion to decide whether it should "mount a … prosecution." *Dupris*, 664 F.2d at 175.

Amicus offers a parade of horribles, suggesting that a finding of mootness would lead to the "radical conclusion" "that Rule 48(a) is unconstitutional." Amicus Br. 50. Mootness would not implicate the facial constitutionality of Rule 48(a) or its constitutionality as applied to contested motions, which necessarily prolong controversies between defendants and the United States. Nor would mootness necessarily "remove from the court *any* authority to review an uncontested Rule 48(a) motion." Amicus Br. 50. Courts might still have jurisdiction to "review[] a prosecutor's charging decisions" that "rest[] on an impermissible basis, such as gender, race or denial of a constitutional right." *United States v. Palmer*, 3 F.3d 300, 305 (9th Cir. 1993). Therefore, mootness here at most suggests that courts must dismiss cases when some uncontested Rule 48(a) motions terminate Article III controversies.

## II. This Court has jurisdiction to reverse or vacate the denial of the Rule 48(a) motion.

### A. This Court has jurisdiction to reverse under 28 U.S.C. 1291.

**1.** This Court has jurisdiction over the United States' appeal. Under "unusual circumstances" like those presented here, an order denying a motion to dismiss "is appealable under the collateral order doctrine" of 28 U.S.C. 1291. *United States v. Dupris*, 664 F.2d 169, 172 (8th Cir. 1981). An appealable collateral order is one that "[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3] [is] effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006). The district court's order satisfies all three requirements.

*First*, the Order conclusively determined that the United States may not dismiss this case under Rule 48(a). JER-218 ("[T]he Government's motion to dismiss is DENIED.").

*Second*, the Order raises an important issue because the "prospect of a trial court erroneously allowing"—or in this case requiring—"the prosecution to proceed poses a unique danger to the independence of the Executive Branch." *Trump v. United States*, 603 U.S. 593, 655 (2024)

(Barrett, J., concurring) (quotation marks omitted). Whether the United States "must proceed with a prosecution" is "completely separate from the merits of [this] action," which concern the legality of Kirk's conviction and sentence. *Dupris*, 664 F.2d at 173.

J.H. conflates this case's "merits" and its "outcome." J.H. Br. 17. The merits concern whether Kirk violated 18 U.S.C. 242. Collateral review of the Order will not reach that question. True, collateral review effectively will decide this case's outcome, but that is not fatal to appellate jurisdiction because appeals of collateral orders are often outcome-determinative. For example, the "pretrial denial of a motion to dismiss an indictment on double jeopardy grounds" is an appealable collateral order, the reversal of which necessitates dismissal of a case. *Abney v. United States*, 431 U.S. 651, 657 (1977); *see also Trump*, 603 U.S. at 653-655 (Barrett, J., concurring) (denial of presidential immunity); *Helstoski v. Meanor*, 442 U.S. 500, 506 (1979) (denial of immunity under Speech and Debate Clause).

*Third*, the Order is effectively unreviewable absent collateral review. 18 U.S.C. 3731, which specifies criminal orders the United States may appeal, does not authorize the United States to appeal the denial of

a Rule 48(a) motion. Mandamus also is unavailable because "[m]andamus is an appropriate avenue of relief" only "from orders unsuited to appellate review under the collateral-order doctrine." *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 (1987) (Brennan, J., concurring in part). This Court accordingly has denied mandamus relief where "the United States has an alternative means of review" under the collateral-order doctrine. *United States v. United States Dist. Ct., Cent. Dist. of Cal.*, 601 F.2d 379, 380 (9th Cir. 1978).[2]

J.H. contends that the district court's order is not a collateral order but does not offer a clear theory as to why. J.H. Br. 14-15. She appears to assert that 18 U.S.C. 3731 bars appellate review, but that statute does not curtail the collateral-order doctrine. On the contrary, Section 1291 authorizes appeals of certain collateral orders "without regard to the limitations of 18 U.S.C. § 3731." *Carroll v. United States*, 354 U.S. 394, 406 (1957). "[W]hen … the conditions of the collateral order doctrine are satisfied," as they are here, "and the prudential concerns that

---

[2] J.H. also alternatively suggests that Kirk can seek a presidential pardon, J.H. Br. 16, but that again conflates outcome and merits. A pardon will change the outcome of this case, but it will eliminate (rather than facilitate) any possibility of appellate review of the merits.

traditionally militate against allowing the government to appeal" are absent, "then section 1291 affords a vehicle through which the government may seek appellate review in a criminal case." *United States v. Horn*, 29 F.3d 754, 769 (1st Cir. 1994) (holding that the United States can appeal the assessment of fees and costs). Indeed, several circuits have held that Section 1291 allows the United States to bring certain appeals not authorized by Section 3731. *E.g.*, *United States v. Whittaker*, 268 F.3d 185, 191-193 (3d Cir. 2011) (order disqualifying the United States Attorney); *United States v. Peterson*, 394 F.3d 98, 104-105 (2d Cir. 2005) (order determining defendant did not violate probation terms).

The cases J.H. discusses do not suggest that this Court lacks jurisdiction. In *United States v. Chaudhry*, 630 F.3d 875, 878 n.1 (9th Cir. 2011), this Court "did not address the Collateral Order Doctrine as a potential basis for … jurisdiction" in criminal appeals. In *United States v. Bernard*, 42 F.4th 905, 908 (8th Cir. 2022), the Eighth Circuit held that the denial of a Rule 48(a) motion is an appealable collateral order. J.H. emphasizes that the district court's denial of the motion was pre-verdict in *Bernard* and post-verdict here, but the post-verdict timing creates an even stronger case for appellate jurisdiction. Unlike in *Bernard*, "the

determination of defendant['s] guilt has been made [and] sentence has been imposed … [and] no prospect of piecemeal litigation endures," eliminating "speedy trial and double jeopardy concerns" that counsel against an appeal here. *Horn*, 29 F.3d at 768.

**2.** The district court had jurisdiction to consider the Rule 48(a) motion. As a "general rule … once a notice of appeal has been filed, the district court is divested of jurisdiction over the matters being appealed." *United States v. Phelps*, 283 F.3d 1176, 1181 n.5 (9th Cir. 2002). But the divestiture rule does not concern subject-matter jurisdiction. It "is a judge-made rule" that affects the division of labor between courts, "and the principle of divestiture is not absolute; there are exceptions." *Ibid.* After a notice of appeal is filed, a district court can continue to exercise jurisdiction "over those aspects of the case [not] involved in the appeal." *Griggs v. Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

The United States' Rule 48(a) motion is collateral to the merits because Kirk's appeal of his conviction and sentence does not address the separate question whether the United States may dismiss charges post-sentencing. Pp. 7-11, *supra*. Because the motion is not "involved in the appeal," Kirk's appeal did not divest the district court of jurisdiction, and

there were no concerns about "having the same issues before two courts simultaneously." J.H. Br. 22 (quoting *Phelps*, 283 F.3d at 1181).

Supreme Court and Ninth Circuit precedent reinforce the district court's jurisdiction. In *Dupris*, 664 F.2d at 170, the United States moved to dismiss "while the [defendant's] petition for certiorari remained pending before the Supreme Court." The Supreme Court responded by vacating the conviction and remanding to the district court, a result that would have been inappropriate if the district court lacked jurisdiction over the motion to dismiss. *Id.* at 171. This Court also has explained, albeit in dicta, that district courts may consider Rule 48(a) motions "at any time before this court's mandate is issued and spread by the district court," even if an appeal has been filed. *United States v. Burdeau*, 168 F.3d 352, 359 (9th Cir. 1999).[3]

Two circuits have held that district courts have jurisdiction to consider Rule 48(a) motions post-appeal. In *United States v. Smith*, 467

---

[3] J.H. argues that *Burdeau* "could be understood as inviting a Government motion in the Court of Appeals to remand to the district court." J.H. Br. 21. *Burdeau* "urged the United States Attorney to consider making such a motion." *Burdeau*, 168 F.3d at 359. This Court did not suggest that the United States must move to remand before filing the motion to dismiss.

F.3d 785 (D.C. Cir. 2006), the United States filed a Rule 48(a) motion long after a conviction had become final on appeal. The D.C. Circuit held that the district court had jurisdiction to consider the motion. *Ibid.* It explained that a "district court's jurisdiction to entertain Rule 48(a) motions lies under 18 U.S.C. § 3221's general grant of jurisdiction over 'all offenses against the laws of the United States.'" *Id.* at 787. This "jurisdiction under § 3231 is available if a Rule 48 motion is made after sentencing and appeal." *Id.* at 788. And in *Rice v. Rivera*, 617 F.3d 802, 808 (4th Cir. 2010), the Fourth Circuit, citing *Smith*, "agree[d] that some measure of jurisdiction over a criminal prosecution remains with the sentencing court even after conviction and appeal."

Notably, the D.C. Circuit did not "reach the non-jurisdictional question of whether Rule 48 alone can properly be used to vacate a final conviction." *Smith*, 467 F.3d at 789. In this Circuit, the answer is no. *Hirabayashi v. United States*, 828 F.2d 591, 607 (9th Cir. 1987). *Hirabayashi* establishes that, absent vacatur of a conviction, the United States can prevail on a post-conviction Rule 48(a) motion only if the motion is filed before a conviction becomes final on appeal. That requirement is satisfied here.

Neither *Smith* nor *Rice* addressed whether a district court retains jurisdiction over a Rule 48(a) motion during an appeal, but both support jurisdiction here. If a district court may entertain a Rule 48(a) motion after the court of appeals affirms a conviction, the district court necessarily had jurisdiction while the appeal was pending. An appellate mandate cannot be the source of the district court's jurisdiction; a judgment becomes final upon affirmance, absent a petition for certiorari. *Clay v. United States*, 537 U.S. 522, 527 (2003).[4]

### B. This Court has jurisdiction to vacate because Kirk's appeal remains pending.

Ultimately, this Court need not decide whether it has jurisdiction over the United States' appeal or whether the Rule 48(a) motion was properly before the district court. This Court has jurisdiction over Kirk's appeal of his conviction. 28 U.S.C. 1291.[5] Accordingly, this Court may

---

[4] The Order should be vacated if the district court lacked jurisdiction. *See* J.H. Br. 23. That would not necessarily "leave Kirk's conviction in place," *ibid.*, because this Court has jurisdiction over Kirk's first appeal and can vacate his conviction regardless of the outcome of the United States' appeal.

[5] This Court lacks jurisdiction over Kirk's second appeal (No. 25-5125). *See* J.H. Br. 26.

"vacate … [the] judgment" and "direct the entry of such appropriate judgment … as may be just under the circumstances." 28 U.S.C. 2106. Although reversal is jurisdictionally permissible for the reasons discussed above, pp. 7-14, *supra*, if this Court accepts J.H.'s arguments against jurisdiction over the United States' appeal, the United States respectfully requests that this Court exercise jurisdiction over Kirk's appeal, vacate the judgment against Kirk, and remand for reconsideration of the Rule 48(a) motion.

J.H. argues that this Court lacks jurisdiction over Kirk's appeal because he has "withdrawn" it by stating that he "is not appealing his conviction." J.H. Br. 24 (quoting Kirk Br. 1). That statement cannot eliminate appellate jurisdiction. In order to dismiss an appeal—and thus divest this Court of jurisdiction—Kirk must obtain the consent of the United States or an order of this Court. Fed. R. App. P. 42(b)(2); *see also Margulin v. CHS Acquisition Corp.*, 889 F.2d 122, 123-124 (7th Cir. 1989). Moreover, the decision to take or dismiss an appeal is personal to the defendant, *see Garza v. Idaho*, 586 U.S. 232, 241 (2019), and under this Circuit's rules requires the defendant's consent, Cir. R. 27-9.1, which the United States has not provided. Absent a proper dismissal, "[t]he

jurisdiction of the court of appeals does not terminate until issuance of the mandate." *United States v. Foumai*, 910 F.2d 617, 620 (9th Cir. 1990).

Because this Court has jurisdiction over Kirk's first appeal, it may vacate Kirk's conviction so the district court can consider the Rule 48(a) motion. *See, e.g.*, *Thompson v. United States*, 444 U.S. 248, 250 (1980) (per curiam) (collecting cases in which the Supreme Court vacated convictions to allow district courts to consider motions to dismiss); *Rinaldi v. United States*, 434 U.S. 22, 25 n.8 (1977) (same); *see also, e.g.*, *Lopez v. United States*, 146 S. Ct. 1494 (2026) and *Full Play Group, S.A. v. United States*, 146 S. Ct. 1471 (2026) (vacating convictions with instructions to consider a forthcoming Rule 48(a) motion). Vacatur of the district court's judgment would remove any jurisdictional obstacles that may prevent the district court from granting the Rule 48(a) motion. "[O]nce a judgment has been vacated … the motion to dismiss may be considered by the district court." *United States v. Thorpe*, 148 F.4th 768, 777 (D.C. Cir. 2025) (emphasis omitted).

## III. This Court should reverse the denial of the Rule 48(a) motion.

### A. The district court was required to grant the United States' Rule 48(a) motion because it was uncontested.

**1.** The district court usurped the Executive's constitutional authority when denying the United States's uncontested Rule 48(a) motion. "[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974). This discretion "is particularly ill-suited to judicial review," *Wayte v. United States*, 470 U.S. 598, 607 (1985), and courts must "defer to the government's decision to seek a dismissal of a criminal charge," *United States v. Gonzalez*, 58 F.3d 459, 462 (9th Cir. 1995) (citation omitted).

District courts lack the authority to deny an uncontested Rule 48(a) motion in the name of the "public interest." JER-84. Rule 48(a) does not "usurp[] the traditional role of the prosecutor to determine whether to terminate a pending prosecution." *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988). Thus, a judge's personal conception of the "public interest" does not supplant the Constitution's separation of powers and authorize district courts to override the Executive's exercise of prosecutorial discretion. *See* U.S. Br. 35-44.

According to Amicus, separation-of-powers doctrine cuts in the opposite direction and "supports judicial discretion to deny a Rule 48(a) motion" because courts alone have sentencing authority. Amicus Br. 34. But the United States is not challenging the district court's sentence; it is trying to dismiss the case. The Judiciary's authority does not allow a court to refuse to dismiss charges out of fears "the government was trying to circumvent [its] sentencing authority because it considered the sentence … excessive." *In re United States*, 345 F.3d 450, 452 (7th Cir. 2003). The United States is allowed to dismiss charges (or not present them in the first place) out of concern over potentially excessive punishment.

To be clear, the United States does not assert an authority to "reverse-engineer[] the charges to get the preferred sentence it want[s]" in this case or any criminal case. Amicus Br. 35 (quotation marks omitted). The United States cannot use Rule 48(a) to "reverse-engineer[]" a shorter sentence; the Rule presents the United States with the binary choice between the sentence chosen by the judge and no conviction at all. And after judgment becomes final, *i.e.*, after a defendant exhausts his appeals, the United States has no prosecutorial discretion left to exercise,

and so it cannot dismiss a case. *Hirabayashi v. United States*, 828 F.2d 591, 607 (9th Cir. 1987). Yet as Amicus does not dispute, because Kirk's first appeal was pending, there was no final judgment at the time the United States filed its Rule 48(a) motion. U.S. Br. 34. The case was not over. P. 14, *supra*. Thus, the United States' prosecutorial discretion remained after sentencing, and separation-of-powers doctrine prohibits courts from interfering with this exercise of prosecutorial discretion, "a quintessentially executive function." *Trump v. United States*, 603 U.S. 593, 620 (2024).

It makes no difference that post-sentencing prosecutorial discretion is "minimal" or "(very) limited." Amicus Br. 45. The reduced scope of post-sentencing prosecutorial discretion does not allow judges to exercise discretion that they otherwise lack. The Supreme Court has rejected the theory that a separation-of-powers violation is permissible simply because it is "trivial" and "presents no substantial threat to the basic scheme." *Bowsher v. Synar*, 478 U.S. 714, 760 (1986) (White, J., dissenting). Instead, the Court has treated "[t]he doctrine of separation of powers [as] a *structural safeguard*" and "prophylactic device, establishing high walls and clear distinctions" rather than "low walls and

vague distinctions." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 240 (1995). The Judiciary therefore "categorical[ly]" may not infringe on the Executive's powers, *ibid.*, even if the infringement is characterized as "minimal."

In the exercise of its prosecutorial discretion, the United States evaluated Kirk's sentence, concluded that it was unjust, and opted to dismiss this prosecution. That was proper. The district court erred in concluding that Judiciary's sentencing authority overrides the Executive's prosecutorial discretion and prevents the United States from dismissing an ongoing prosecution.

**2.** The text and history of Rule 48(a) do not compel a contrary conclusion. Amicus emphasizes that the Rule's "plain text … conditions an indictment's dismissal upon court approval," meaning that "leave of court is required to dismiss an indictment under Rule 48(a)." Amicus Br. 20-21. The leave-of-court provision prevents prosecutorial harassment and "is no blank check for second-guessing charging decisions." *United States v. Bernard*, 42 F.4th 905, 909 (8th Cir. 2022). Amicus also argues that if courts had "no discretion to deny a Rule 48(a) motion to dismiss," then the leave-of-court provision "would be entirely

superfluous." Amicus Br. 21. That is correct but is beside the point. The leave-of-court provision is not surplusage because courts have discretion to deny leave when a motion to dismiss is contested. *See Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977).

That district courts *often* have discretion to deny leave does not mean that they *always* have discretion to deny leave. In criminal procedure, background rules of constitutional law can deprive a district court of discretion it otherwise would have. For example, district courts have the discretion to transfer proceedings to another district under Rule 21(b), but the Sixth Amendment eliminates such discretion when a crime has been committed in only one district. *See United States v. Cabrales*, 524 U.S. 1, 6 (1998). The same principles are at play here. When a Rule 48(a) motion is uncontested, constitutional separation-of-powers principles override any discretion that Rule 48(a) otherwise would afford to district courts. *See* U.S. Br. 28-35.

The drafting history of Rule 48(a) does not support Amicus's theory that district courts have discretion to deny uncontested motions that supposedly result from "political considerations." Amicus Br. 23. The United States agrees that "there is no need to look" to the Rule's drafting

history. Amicus Br. 22. In any event, the history does little more than confirm what the United States does not dispute: that district courts have discretion to deny Rule 48(a) motions under certain circumstances. True, "[o]ne contingent" of the unelected law professors and attorneys who drafted Rule 48(a) may have intended the Rule to serve as a "check against the prosecutor whose independence was compromised by orders from Washington." Amicus Br. 23. But the views of that contingent, even if they could somehow override Article III, did not prevail, and the drafters agreed to a compromise that struck the contingent's preferred language. *See* Amicus Br. 23-24.

**3.** There is almost no appellate support for allowing district courts to deny uncontested Rule 48(a) motions. Both the United States and Amicus are "unaware … of any appellate decision that actually upholds a denial of a motion to dismiss a charge on such a basis." *In re United States*, 345 F.3d at 453; Amicus Br. 47.

Amicus relies on two cases in which appellate courts have declared that district courts can deny uncontested Rule 48(a) motions in the name of the public interest. In *United States v. Hamm*, 659 F.2d 624 (5th Cir. 1981) (en banc), the Fifth Circuit reversed the denial of an uncontested

Rule 48(a) motion. The court recognized that the Executive is "the first and presumptively the best judge of whether a pending prosecution should be terminated." *Id.* at 629. Thus, a court may deny an uncontested Rule 48(a) motion only "in extremely limited circumstances in extraordinary cases … when the prosecutor's actions clearly indicate a betrayal of the public interest." *Ibid.* (quotation marks omitted). Likewise, in *United States v. Ammidown*, 497 F.2d 615, 619-620 (D.C. Cir. 1973), the D.C. Circuit explained that district courts may deny an uncontested Rule 48(a) motion if the prosecutor fails to explain why "dismissal is in the public interest."

This Court should not follow *Hamm*. For the reasons discussed above, *Hamm* incorrectly created a public-interest standard that is incompatible with the Constitution's separation of powers. *Hamm* also diverges from the approaches of the Supreme Court and this Court, both of which have assumed without deciding that a "public interest" standard applies and have "declined to reach" the question whether a district court may ever deny an uncontested Rule 48(a) motion." *Gonzalez*, 58 F.3d at 461; *see also Rinaldi*, 434 U.S. at 29 n.15 ("It is unnecessary to decide whether the court has discretion under these circumstances.").

*Ammidown* fares even worse. The question in that case was whether the district court abused its discretion in rejecting a plea bargain. *Ammidown*, 497 F.2d at 617. Although "Rule 48(a) [did] not apply," the D.C. Circuit nevertheless gratuitously opined that even "when the defendant concurs in the dismissal," a district court may require prosecutors to demonstrate that "the reasons advanced for the proposed dismissal are substantial" and "in the public interest." *Id.* at 619-620. The D.C. Circuit's supposed rule is mere dicta and impossible to reconcile with later D.C. Circuit precedent "clearly instruct[ing] that, consistent with separation of powers principles, [a] court has no power … to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's exercise of charging authority." *United States v. Nordean*, No. 1:21-cr-175, 2026 WL 1999919, at *2, (D.D.C. July 10, 2026) (quotation marks omitted). As one district court explained, *Ammidown* "cannot mean that the Court may exercise its discretion to deny the Government's motion." *Ibid.* All "decisions to dismiss pending criminal charges—no less than decisions to initiate charges and to identify which charges to bring—lie squarely within the

ken of prosecutorial discretion." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016).

Despite *Ammidown*'s sweeping dicta, district courts bound by the case recently have deferred to the Executive in granting post-conviction Rule 48(a) motions. In *Nordean*, the D.C. Circuit vacated defendants' convictions and the United States filed a Rule 48(a) motion on remand. The district court granted the motion, explaining that "*Fokker Services* clearly instructed" that district courts cannot deny "no power to deny a prosecutor's Rule 48(a) motion based on a disagreement with the prosecution's exercise of charging authority." *Nordean*, 2026 WL 1999919, at *3 (quoting *Fokker Servs.*, 818 F.3d at 742). Likewise, in *United States v. Rhodes*, No. 1:22-cr-15, Doc. 981, at 1 (D.D.C. Aug. 4, 2026), *appeal pending*, No. 26-3039 (D.C. Cir. docketed Aug. 11, 2026), the district court "[r]eluctantly" granted a motion to dismiss. "If it is [the Executive's] view that the public interest is served by surrendering convictions … then that is an assessment to which this court must yield." *Id.* at 14.

### B. Alternatively, the district court abused its discretion in determining that dismissal was contrary to the public interest.

This Court need not decide whether district courts have discretion to deny uncontested Rule 48(a) motions. This Court, as it has in the past, can assume that district courts have discretion to deny uncontested motions and can reverse (or remand with instructions to grant, pp. 34-35, *infra*) because the United States's motion was not "clearly contrary to manifest public interest." *Rinaldi*, 434 U.S. at 30; *see also United States v. Weber*, 721 F.2d 266, 268 (9th Cir. 1983) (quotation marks omitted).

#### 1. The United States' motion was not in bad faith.

The "'public interest' test" is "severely cabined." *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 141 (2d Cir. 2017). There is a consensus among circuit courts that bad faith is the only justification for denial of an uncontested Rule 48(a) motion. "Put succinctly, a Rule 48(a) motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it *must* be granted." *Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir. 2010) (quotation marks omitted); *see also, e.g.*, *United States v. B.G.G.*, 53 F.4th 1353, 1356 (11th Cir. 2022) ("The district court must find … that the government acted in bad faith in moving to dismiss the information."); *Bernard*, 42 F.4th at 909 ("For a

dismissal to be 'clearly contrary to manifest public interest,' the prosecutor must have had an illegitimate motive rising to the level of bad faith."); *In re Richards*, 213 F.3d 773, 787 (3d Cir. 2000) (equating "contrary to the public interest" with "bribery" and "animus"); *In re United States*, 345 F.3d at 453 (equating "bad faith" and "contrary to the public interest"). The district court made no findings of prosecutorial harassment or bad faith.

Amicus argues that the district court properly denied the Rule 48(a) motion based on its supposed "finding that the Government's stated motivation for seeking dismissal was pretextual." Amicus Br. 42-43. The district court made no such finding. The United States truthfully told the district court that its motion sought to prevent Kirk from facing "prison time," JER-70, and the district court credited the United States' "acknowledg[ment] that this is its reason for seeking dismissal," JER-201. Amicus concedes that the "motion was motivated by disagreement with the court's sentencing decision." Amicus Br. 30.

At most, the district court determined that one of the United States' two reasons for seeking dismissal was pretextual. During the Rule 48(a) hearing, the United States offered two reasons why incarceration was

inappropriate: "concerns about … the trial as well as ultimately the sufficiency of the evidence." JER-60-61.[6] The court found that the United States did not "truly [think] that Defendant's conviction was not supported by adequate evidence." JER-213.[7] However, it did not find that the United States' other explanation—its concern that prosecutors made "unfair" arguments—was pretextual. JER-126. In fact, it explicitly found that "the Government made its Rule 48(a) motion because believed its prosecution of Defendant was, at least in part, unfair." *Ibid.* A contrary finding would be impossible because the United States expressed its concerns with how this case was prosecuted *before* the court

---

[6] Thus, to any extent the United States must "disclos[e] the reasons for dismissal," Amicus Br. 31-33, it did so here.

[7] The district court may have conflated concerns about evidentiary adequacy with the extraordinarily demanding standard for constitutional insufficiency. The United States can have legitimate concerns about the strength of its evidence, even if that evidence exceeds the bare "minimum" the Constitution requires to sustain a conviction. *See Berger v. United States*, 295 U.S. 78, 88 (1935) ("It is as much [the prosecutor's] duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.").

sentenced Kirk. JER-39. In short, Amicus simply is wrong that the "court found that the motion was pretextual." Amicus Br. 40.

Amicus heavily relies on *United States v. Thorpe*, No. 1:13-cr-131, 2023 WL 2139399 (D.D.C. Feb. 21, 2023), as supporting his contention that district courts may deny pretextual Rule 48(a) motions as contrary to the public interest. But *Thorpe* concerned the timing of a Rule 48(a) motion filed a Rule 48(a) motion *after* the defendant "had exhausted appellate review" and *after* the judgment had become final. *United States v. Thorpe*, 148 F.4th 768, 770, 778 (D.C. Cir. 2025). The district court denied the motion, and the D.C. Circuit affirmed, explaining that "[b]ecause [defendant's] convictions are final, the government cannot rely solely on a Rule 48(a) motion to vacate them." *Id.* at 778. There was "no evidence" in *Thorpe* that "the government acted improperly or in bad faith," and the D.C. Circuit suggested that the district court would have been required to grant the motion "[i]f Rule 48(a) allowed for dismissal at this stage." *Id.* at 772. Amicus also cites *United States v. Hayden*, 860 F.2d 1483 (9th Cir. 1988), but that the Rule 48(a) motion in that case was contested, and this Court properly held that district courts can deny such contested motions when they are pretextual. *Id.* at 1487-1488 and n.7.

### 2. The public interest in the separation of powers confirms that the district court should have granted the motion.

Because the United States did not act in bad faith, the district court abused its discretion in denying the Rule 48(a) motion as clearly contrary to manifest public interest. The district court further went astray in concluding that its denial of the motion "aligns with core separation of powers principles." JER-202.

Amicus does not dispute that the public has a strong interest in having the Executive enforce the law and the Judiciary adjudicate it. The public interest accordingly supports allowing the Executive to exercise its "conclusive and preclusive authority … to decide … how aggressively to pursue legal action[]" against Kirk. *Trump*, 603 U.S. at 620 (quotation marks omitted); *see* U.S. Br. 49-53. "[T]he plenary prosecutorial power of the executive branch safeguards liberty, for, in conjunction with the plenary legislative power of Congress, it assures that no one can be convicted of a crime without the concurrence of all three branches." *In re United States*, 345 F.3d at 454.

The United States' Rule 48(a) motion does not "disrupt[] the balance of power between the Executive and Judiciary." Amicus Br. 35.

As discussed above, pp. 17-20, *supra*, the motion does not threaten the Judiciary's exclusive authority to determine a sentence, nor does it risk upsetting that sentence once it becomes final. If the United States believes a sentence is too long, it can either acquiesce to the sentence or dismiss the charges entirely. Cases such as this, where the United States prefers dismissal to imprisonment, will be "inherently rare." Amicus Br. 47.

Furthermore, the post-sentencing timing of the Rule 48(a) motion does not support denying it. As this Court recognized in *United States v. Burdeau*, 168 F.3d 352, 359 (9th Cir. 1999), the United States may file a Rule 48(a) motion if it believes a sentence is so long as to be unjust. Amicus downplays *Burdeau*'s discussion of Rule 48(a) as "dicta," Amicus Br. 43, but *Burdeau* reiterates the established rule that "the government has the power to move to dismiss any count of the indictment as long as the defendant's appeal is pending and the decision is therefore not final." *Burdeau*, 168 F.3d at 359 (citing *Rinaldi*). Amicus stresses that the *Burdeau* court contemplated "dismissal of a single count rather than an entire indictment" or "a custodial sentence of nearly 15 years rather than four months." Amicus Br. 44. However, the number of charges and

length of a sentence have no bearing on whether denying the motion frustrates the "significant public interest[]" in "protecting the separation of powers." *Garraway v. Ciufo*, 113 F.4th 1210, 1217 (9th Cir. 2024).

#### 3. Courts may not deny Rule 48(a) motions that they perceive as "politically motivated."

As a final matter, Amicus suggests that courts may "deny politically motivated dismissals of indictments." Amicus Br. 24 n.5. There are no "judicially discoverable and manageable standards" for determining whether a dismissal of an indictment is "politically motivated." *Baker v. Carr*, 369 U.S. 186, 217 (1962). And even if there were, the public interest does not support denying Rule 48(a) motions that district judges perceive as resulting from "orders from Washington." Amicus Br. 23 (quotation marks omitted).

The "Attorney General and United States Attorneys [need] broad discretion to enforce the Nation's criminal laws." *United States v. Armstrong*, 517 U.S. 456, 464 (1996). They must decide "how to prioritize" certain cases, *United States v. Texas*, 599 U.S. 670, 678 (2023), and routinely issue orders to "help[] ensure the reasonable exercise of prosecutorial discretion, Memorandum from Attorney General Merrick Garland to All Fed. Prosecutors, General Department Policies Regarding

Charging, Pleas, and Sentencing 1 (Dec. 16, 2022).[8] Sometimes, high-ranking political officials instruct prosecutors to avoid prosecution because of an ideological disagreement with the underlying statute. *Id.* at 1 (instructing prosecutors to disfavor charges with mandatory-minimum sentences). Other times, these officials might decide not to prosecute a case "[t]o free resources to address more pressing priorities." Memorandum from Attorney General Pamela Bondi to All Dep't Emps., General Policy Regarding Charging, Plea Negotiations, and Sentencing 4 (Feb. 5, 2025).[9] On some occasions, political leaders will order the dismissal of pending charges in specific cases to advance a more important national priority, such as "significant foreign policy interests of the United States." *United States v. Sadeghi*, No. 4:15-cr-204-8 (S.D. Tex. Jan. 16, 2016), Doc. 177, at 1. And in other cases, the Attorney General might wish to dismiss a case following public outcry that a prosecution is unjust.

---

[8] Available at https://tinyurl.com/4554sa37.

[9] Available at https://tinyurl.com/4m6hyumv.

Washington is the capital of the United States. If "orders from Washington" justified denying Rule 48(a) motions, then the Executive would lose the authority to decide how to manage "resource constraints and regularly changing public-safety and public-welfare needs." *Texas*, 599 U.S. at 680. District judges would replace the Executive as the ultimate arbiters of whether a prosecution is desirable, departing from their proper role of deciding whether a prosecution is lawful. And under J.H.'s theory, their policy-laden judgments would be unreviewable.

Amicus's suggestion that judges can deny Rule 48(a) motions that "result[] from a change in presidential administrations," Amicus Br. 24 n.5, elevates judicial fiat over republican government. "Any judicial determination on what is fair in [the] context" of a new administration "would be an unmoored determination of the sort characteristic of a political question beyond the competence of a federal court." *Rucho v. Common Cause*, 588 U.S. 684, 707 (2019) (quotation marks omitted).

## IV. Alternatively, this Court should vacate Kirk's conviction and remand for reconsideration of the Rule 48(a) motion.

This Court may vacate Kirk's conviction even if it determines that it lacks jurisdiction over the United States' appeal or that the district court lacked jurisdiction to consider the Rule 48(a) motion in the first

place. Pp. 14-16, *supra*. If this Court exercises vacates and remands, the United States respectfully suggests that this Court "give guidance to the district court on remand" regarding the proper disposition of the motion. *Buckingham v. United States*, 998 F.2d 735, 738 (9th Cir. 1993). To prevent the district court from repeating its legal errors, this Court may want to instruct that the district court should grant the motion for any of the reasons that warrant reversal. Pp. 17-34, *supra*.

Additionally, post-vacatur denial of a Rule 48(a) motion would not "make practical sense" because it "would not somehow revive the convictions that the Court of Appeals vacated." *United States v. Nordean*, No. 1:21-cr-175, 2026 WL 1999919, at *4 (D.D.C. July 10, 2026). Such a denial would amount to a denial of an uncontested, *pre-trial* Rule 48(a) motion. That would lead to the absurd situation in which the district court could decline to dismiss the case but could not force the United States to actually prosecute Kirk.

## CONCLUSION

This Court should reverse the order denying the Government's uncontested motion to dismiss or vacate Kirk's conviction and remand

with instructions directing the district court to grant the Rule 48(a) motion.

DATED: August 12, 2026

Respectfully submitted:

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General

s/ Joshua R. Zuckerman
ANDREW G. BRANIFF
JOSHUA R. ZUCKERMAN
KELSEY E. MCGEE
Attorneys
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(771) 333-0027
Joshua.Zuckerman@usdoj.gov

## CERTIFICATE OF COMPLIANCE

### Form 8. Certificate of Compliance for Briefs

**9th Cir. Case Number(s):** 25-3607, 25-5125, 25-5200

I am the attorney or self-represented party.

**This brief contains 6,982 words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ x ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

[ ] it is a joint brief submitted by separately represented parties.

[ ] a party or parties are filing a single brief in response to multiple briefs.

[ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated ____________.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Joshua R. Zuckerman **Date** August 12, 2026